NORMA L. BECK, APPELLANT AND CROSS-APPELLEE, V.
WESLEY BECK, APPELLEE AND CROSS-APPELLANT.

120 N. W. 2d 585

Filed March 29, 1963.   No. 35297.

John McArthur, for appellant.

Wagener & Marx and Gladwyn A. Youngs, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

The plaintiff, Norma L. Beck, brought this suit against the defendant, Wesley Beck, to obtain a divorce, the

custody of the children, child support, alimony, attorney's fees, and costs, alleging cruelty on the part of the defendant as the ground therefor. The defendant denied the allegations of plaintiff's petition and by cross-petition sought a divorce from the plaintiff, the custody of the children, and the settlement of property rights, alleging cruelty and adultery by the plaintiff as grounds therefor. The case was heard and determined by the separate juvenile court of Lancaster County. The court denied a divorce to the plaintiff, granted a divorce to the defendant on the ground of adultery on the part of plaintiff, granted the custody of the children to the plaintiff, fixed the child support to be paid by the defendant at $180 per month, approved a division of property made by the parties, quieted title to the real estate and remaining personal property in the defendant, denied an allowance of attorney's fees to the plaintiff, and taxed the costs of the action to the defendant. The plaintiff appealed and defendant has cross-appealed.

Plaintiff and defendant were married on September 10, 1946. Plaintiff had a child, William Beck, by a previous marriage, who had been adopted by the defendant and who was 18 years of age at the time of trial. Five children were born of the marriage: Ruth, age 14; Deborah, 5; Leon and Deon, twins, $3\frac{1}{2}$; and Toria, 2. At the time of trial plaintiff and defendant were each 39 years of age. They resided on a farm near Central City, Nebraska, from the date of their marriage until their separation.

Sometime prior to March 30, 1960, plaintiff commenced a suit for divorce in the district court for Merrick County which she later dismissed. On March 30, 1960, plaintiff commenced a suit for a divorce in the district court for Hall County to which the defendant filed a general denial. On January 23, 1961, after trial, the court denied plaintiff a divorce and dismissed her petition. No appeal was taken from this final judgment. On June 1, 1961, plaintiff filed the present suit for a divorce

in the district court for Lancaster County with the result hereinbefore stated.

The evidence shows that, beginning in 1954, plaintiff and defendant were close friends with Leo Haight and his wife Donna. During 1957, 1958, and the forepart of 1959, plaintiff commenced a series of clandestine meetings with Leo Haight on a little-used county road. Neighboring farmers testified to seeing them there many, many times. Two of them testified to seeing plaintiff and Haight in the most compromising of positions. Plaintiff admits meeting Haight at the place described by defendant's witnesses. The reasons she gave for these meetings with Haight were incredible and unworthy of belief. It would serve no useful purpose to recite the lurid details testified to by the witnesses having no interest in the result of the litigation. The evidence clearly establishes that plaintiff carried on a clandestine and adulterous relationship with Haight, as alleged. The plaintiff under such circumstances is not entitled to a divorce, as the trial court found.

Plaintiff contends that the trial court erred in not finding that defendant condoned the misconduct of the plaintiff. Condonation is forgiveness for a breach of marital obligation with the implied condition that the breach of obligation shall not be repeated. See Wright v. Wright, 153 Neb. 18, 43 N. W. 2d 424. There is some evidence in the record that defendant favorably considered a reconciliation at one time following the trial of the divorce proceeding in Hall County. It failed to materialize because of the expressed attitude of the plaintiff as to what her relationship to the defendant would be in the event of a reconciliation. There clearly was no condonation as a result of any resumption of the marital relation. We find no evidence in the record that would sustain a finding that there had been a condonation of plaintiff's conduct.

Plaintiff complains of the division of property made by the trial court. The evidence shows that on the day be-

fore plaintiff filed her first petition for divorce she went to the family home and removed furniture, dishes, cooking utensils, her clothing and that of the six children, and other articles that she needed. She also took possession of the family station wagon. She came back on two other occasions and took additional articles from the home. The defendant appears to have acquiesced in her taking this property. The trial court decreed her right to retain this property. In this we find no error. It is the rule in this state that where a wife is found to be guilty of adultery she is not entitled to an award of alimony. Baker v. Baker, 166 Neb. 306, 89 N. W. 2d 35; § 42-318, R. R. S. 1943. The trial court did not err in refusing to grant alimony to the plaintiff.

Plaintiff asserts that the allowance for child support is inadequate. The trial court allowed child support in the amount of $30 per month for each of the 6 children until each child becomes self-sustaining or 21 years of age. No evidence was offered on this subject. We find nothing in the record to sustain the inadequacy of this allowance.

Plaintiff assigns as error the failure of the trial court to allow an attorney's fee as a part of the costs. The rule is that where a wife is found guilty of adultery she is not ordinarily entitled to an award of attorney's fees to be taxed against the husband. Baker v. Baker, *supra*. The trial judge saw fit not to allow plaintiff an attorney's fee. This is in accordance with the general rule and we find no reason to interfere with the judgment of the trial court in this respect. Yost v. Yost, 161 Neb. 164, 72 N. W. 2d 689.

The defendant contends on his cross-appeal that plaintiff is an unfit person to have the custody of the minor children, as a matter of law. This court has stated the rule to be that where a wife is found to be guilty of adultery she is an unfit person to have the care and custody of her minor children as against the husband she

has wronged. Yost v. Yost, *supra;* Baker v. Baker, *supra.*

The evidence shows that plaintiff has properly cared for the children, before and after her separation from the defendant. There is no evidence in this record that plaintiff is not now properly caring for the children. At the time of trial four of the children were under 6 years of age. That these four children require a mother's care is hardly subject to question. Defendant bases his right to the custody of the children solely on the unfitness of the mother, resulting from her adulterous relationship with Haight. In a similar case this court said: "In any event, a proper regard for the welfare of her children required the defendant to refrain from conduct which would reflect upon her and produce harmful effects upon these small children." Speck v. Speck, 164 Neb. 506, 82 N. W. 2d 540. We can come to no other conclusion than that plaintiff is an unfit person to have the legal custody of her children and by her conduct has forfeited her superior right as their mother to such care and custody.

The defendant contends for the rule that upon the death or unfitness of the parent having the legal custody of minor children, the other parent has a legal right to their care and custody. This rule is qualified, however, by the requirement that such parent be a fit, proper, and suitable person to have the care and custody of the children. The evidence shows that the defendant is residing on the home place near Central City. He has a brother and his wife living with him. He testified that he had arranged for the brother and his wife to care for the children.

There is no evidence in this record as to the nature of the arrangement made, or the suitability of the brother and his wife for this undertaking. Their ages, fitness, and character are not established by the evidence. They did not testify. It was brought out that they have four children of unspecified ages. The tender years of

four of the children here involved makes it highly improbable of the success of this arrangement.

There is evidence that defendant is well regarded in the community and that he is a suitable person to have the care and custody of the children. His good conduct and standing in the community is not, however, without blemish. The evidence shows that he furnished no support for the children during the separation of the parties. He has made little attempt to visit the children since they were taken from his home on January 31, 1960. He attempts to excuse this because of plaintiff's continued association with Haight. It is evident that he could have communicated with them by mail or telephone, which he did not do. Support, including gifts for festive events, could have been provided by means other than personal delivery. It appears that defendant permitted his feelings concerning the conduct of his wife to take precedence over the welfare of his children. We conclude that the evidence is insufficient to show, when considered with all the surrounding circumstances, that defendant is a suitable person to have the care and custody of these minor children, particularly those of tender years. Since these children have lived together as a family group for so many years, it does not appear advisable to separate them if a separation can be avoided.

Where both parents are found to be unfit or unsuitable to have the care and custody of their minor children, the custody of the children will be determined solely by the welfare and best interests of the children. Gorsuch v. Gorsuch, on rehearing, 143 Neb. 578, 11 N. W. 2d 456.

The parents are unfit or unsuitable to have the care and custody of the minor children in this case. The mother, with the aid of the child support directed to be paid by the father, is able to care for the children. The father is also financially able to do so. No other fit and proper person has offered to take them. Considering the ages of the four youngest children and the im-

portance of not separating them, we think, as did the trial court, that the best interests of the children require that they be kept together. We fully realize the inherent danger to the children in placing their care and legal custody in an unfit mother. We do not think such a disposition is warranted in the instant case.

In 1959 the Legislature enacted the Separate Juvenile Court Act. §§ 43-228 to 43-239, R. R. S. 1943. The act applies to counties having a population of 50,000 or more inhabitants. Lancaster County is within the scope of the act. Section 43-236, R. R. S. 1943, provides in part: "The judge of a separate juvenile court shall appoint a chief juvenile probation officer and a sufficient number of assistant juvenile probation officers and other employees, including a court reporter when needed, to carry out the work of the court. The chief juvenile probation officer shall be selected by the judge with reference to his experience and understanding of problems of family life and child welfare, juvenile delinquency, community organization, and training in the recognition and treatment of behavior disorders." We think this section provides the remedy to be invoked in the instant case.

We direct that the legal custody of the six minor children in the instant case be placed in the chief juvenile probation officer of Lancaster County, with instructions to leave their physical custody with the mother, Norma L. Beck, under the supervision of such probation officer, during such time as she shall properly care for them under an environment that is not inimical to their best interests and welfare. If and when Norma L. Beck fails in her obligation to act in accordance with the best interests and welfare of the children, the matter shall be called to the attention of the court for such further disposition as the court deems necessary and proper under the law and the evidence. The decree of the trial court is hereby modified to the extent set forth in this paragraph of the opinion.

The defendant contends that the allowance made by the trial court for the support of the minor children is excessive. We find no evidence in the record regarding the amount of funds that are reasonably required for the support of these children. In the absence of evidence of excessiveness, no reason exists why this court should interfere with the award for child support made by the trial court.

For the reasons stated, the judgment of the trial court is affirmed as modified.

AFFIRMED AS MODIFIED.