DENNIS O. COVAULT, APPELLEE AND CROSS-APPELLANT, V. SAUNDRA K. COVAULT, APPELLANT AND CROSS-APPELLEE. 153 N. W. 2d 292

Filed October 6, 1967. No. 36550.

Hal W. Bauer, for appellant.

Kier, Cobb & Luedtke, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is a suit for a divorce. The plaintiff husband sought the divorce on the grounds of adultery and extreme cruelty. The defendant wife cross-petitioned for a divorce on the grounds of extreme cruelty, prayed for the custody of Susan Carole, the 3-year-old daughter of the parties, for child support and alimony, and for attorney's fees and costs. The trial court decreed an absolute

divorce to the plaintiff on the ground of extreme cruelty, custody of Susan Carole Covault was given to the husband, a division was made of the personal property of the parties, and the costs of the action, including an attorney's fee of $400, were taxed to the plaintiff.

On the appeal, the defendant wife assigned as error the granting of the custody of the minor child, Susan Carole, to the husband. The plaintiff husband has cross-appealed asserting that the trial court erred in failing to find the defendant guilty of adultery, in taxing the costs, including an attorney's fee, to the plaintiff, and in fixing excessive visitation privileges at plaintiff's expense.

The evidence shows that the parties were married on February 17, 1963. On June 23, 1966, the husband found an unmailed letter written by the defendant addressed to one Michael Lisowsky, a single man, indicating a previous adulterous relationship. The evidence further shows that on June 24, 1966, the wife took a vacation trip to a beach in the State of New Jersey. She was there met by Lisowsky. The evidence shows that defendant and Lisowsky went on a trip through Virginia, Florida, Louisiana, Texas, Mexico, Colorado, and intervening states, occupying the same quarters and otherwise consorting together. The expenses of the trip were paid by the defendant by using credit cards of the plaintiff. The defendant asserts that irrespective of these evidences of unmoral conduct, she committed no act of adultery. We dispose of this evidence by stating that this court is not so naive that it will give credence to the story testified to by the defendant. It is beyond belief. The adultery of the defendant was amply established.

Although an overt act of adultery is not shown, the charge of adultery may be established by evidence of circumstances sustaining a finding of guilt. Cook v. Cook, 141 Neb. 294, 3 N. W. 2d 450; Baker v. Baker, 166 Neb. 306, 89 N. W. 2d 35; Houghton v. Houghton, 179 Neb. 275, 137 N. W. 2d 861.

Where a wife is found guilty of adultery, she is ordinarily an unfit person to have the care and custody of a minor child as against the husband she has wronged. Baker v. Baker, *supra;* Houghton v. Houghton, *supra.*

It is the contention of the plaintiff in his cross-appeal that the adultery of the defendant was established and that he was entitled to a decree of divorce on that ground. From this it is argued that the trial court erred in granting a divorce on the ground of extreme cruelty in view of the differences in the awards that can properly be made in these two grounds for a divorce. The point is meritorious and is sustained. Baker v. Baker, *supra;* Houghton v. Houghton, *supra.*

Where the adultery of the wife is established, she will not ordinarily be awarded costs or an allowance of attorney's fees against the husband whom she has wronged. Baker v. Baker, *supra;* Houghton v. Houghton, *supra.*

We conclude that the trial court erred in not granting plaintiff a divorce on the ground of adultery. We conclude also that the trial court was in error in awarding an attorney's fee to the defendant and in taxing the costs of the action to the plaintiff. The trial court correctly found that defendant was an unfit person to have the care and custody of the minor child of the parties and that plaintiff was a fit and proper person to have the custody of the child. We think the trial court properly permitted the defendant the right of visitation except that plaintiff should not have been required to pay the expense of visitations by the defendant not caused by the plaintiff.

We reverse the decree and remand the cause with directions to the trial court to enter a decree in accordance with the holdings of this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.