JUDITH A. WOLPA, APPELLEE AND CROSS-APPELLANT, V.
WARREN W. WOLPA, APPELLANT AND CROSS-APPELLEE.
153 N. W. 2d 746

Filed October 27, 1967. No. 36581.

J. William Gallup and Schrempp, Rosenthal & McLane, for appellant.

Alfred A. Fiedler, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Plaintiff and appellee brought this action for an absolute divorce on the ground of extreme cruelty. Defend-

ant and appellant cross-petitioned, alleging adultery on the part of plaintiff. The trial court specifically found plaintiff guilty of adultery and awarded the divorce to defendant on his cross-petition, retained custody of the children of the parties in the court, but granted the mother their care and possession under the supervision of the child welfare division of the Douglas County assistance bureau.

The trial court further decreed that the plaintiff should have the possession and use of the household goods and appliances in the family home, but reserved the right to make an award at a later date. The title to the home was left in joint tenancy, with possession and use in the plaintiff so long as she retained the care and possession of the children and remained unmarried. Defendant was ordered to pay $20 per week child support until further order of the court.

Subsequently, on a hearing on allowance on appeal, the trial court raised the child support to $30 a week, directed the defendant to make the payments on the house of $115 a month, ordered him to pay $100 into court for the benefit of plaintiff in connection with her costs on appeal, and directed the payment of a temporary attorney's fee on appeal to plaintiff's attorney in the amount of $200. Defendant has perfected an appeal to this court and plaintiff has cross-appealed.

The defendant was properly awarded the divorce on his cross-petition. It would serve no useful purpose to detail the evidence sustaining such conclusion. Suffice it to say that the plaintiff was guilty of adultery continued after the filing of the petition herein and until shortly before the trial. Where the evidence in a divorce action establishes adultery on the part of one of the parties thereto, the court is required to grant the prayer of the other party seeking a divorce on that ground unless prevented from doing so by applicable statutory provisions. Baker v. Baker, 166 Neb. 306, 89 N. W. 2d 35.

Defendant's appeal questions the action of the trial

court in retaining custody and placing care and possession of the children with the, plaintiff under supervision, as well as the disposition of the joint property and the allowances made to the plaintiff. His exceptions are well taken.

Where a wife is conclusively found to be guilty of adultery, she is an unfit person as a matter of law to have the care and custody of her minor children as against the husband she has wronged. See, Beck v. Beck, 175 Neb. 108, 120 N. W. 2d 585; Houghton v. Houghton, 179 Neb. 275, 137 N. W. 2d 861. The trial court, undoubtedly relying on those cases, saw fit to retain custody and to grant the care and possession of the children to the adulterous wife. Those cases are not authority for the action herein. In each of them, the father was found to be unfit to have the care and custody of the children. The procedure used in those cases was necessitated by the unsuitability of the father to care for the children. This is not the present situation. There is no evidence, which would indicate that the defendant is not a fit and proper person to have the care and custody of his children.

Defendant herein should be given an opportunity to provide an adequate home, for his children. It is true he will have to depend upon hired help during working hours. That is usually the situation where a father is given custody of minor children. However, until such time, as it is proved that he is unfit to have the custody of his children or their best interests require a change of custody, defendant should have their custody, care, and control. Ordinarily, the relationship of parent and child should not be severed or disturbed unless the, facts justify it.

As we said in Goodman v. Goodman, 180 Neb. 83, 141 N. W. 2d 445: "Ordinarily courts may not properly deprive a parent of the custody of a minor child unless it is shown that such parent is unfit to perform the duties imposed by the relation or has forfeited that right." On

the record herein, defendant should have been granted the care and custody of his children.

We do not understand the allowance made to plaintiff and her attorney for costs and attorney's fees to prosecute this appeal, after the trial court found the plaintiff guilty of adultery and granted defendant an absolute divorce. In the absence of extenuating circumstances, which are not present herein, these allowances cannot be sustained and they are hereby vacated. Where adultery of a wife is established, she is not entitled to an award of alimony or attorney's fees. The costs of the action in such case are ordinarily taxable to the wife. See Yost v. Yost, 161 Neb. 164, 72 N. W. 2d 689.

We conclude that the trial court was also in error in awarding any of the property of the parties to the plaintiff other than her clothing and personal ornaments. Section 42-322, R. R. S. 1943, provides: "When a divorce shall be decreed for the cause of adultery committed by the wife, the husband may hold such of her personal estate as the court shall deem just and reasonable under all the circumstances in the case, and the same shall be determined and decreed by the court at the time of the granting of such divorce." Care and custody of the children are awarded to the defendant. He will need the household goods and appliances as well as the home of the parties to provide for them. We find that the title to the real estate constituting the home of the parties, as well as the household goods and all personal property other than the clothing and personal oranments of plaintiff, should be awarded to the defendant.

The judgment of the trial court is affirmed insofar as it grants an absolute divorce to the defendant on his cross-petition. In all other respects, the judgment is reversed and the cause remanded to the district court for the entry of a judgment in conformity with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.