WALTER B. MORRISSEY, JR., APPELLEE, v. BONNIE JEAN MORRISSEY, APPELLANT.

154 N. W. 2d 66

Filed November 10, 1967. No. 36614.

Kelly & Kelly, for appellant.

Luebs, Tracy & Huebner, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Plaintiff and appellee brought this action seeking an absolute divorce and the custody of an infant child. Defendant and appellant filed an answer and cross-petition, but made no serious effort to prove the allegations of her cross-petition. The trial court granted plaintiff an absolute, divorce and awarded him the care and custody of the child. Defendant perfected an appeal to this court. The only issue presented by defendant on appeal is the question of the custody of the child.

The, award of the divorce and custody is correct and must be sustained. On the record herein the defendant is an unfit person to have the care and custody of the minor child.

The, record would indicate that the defendant is a disturbed individual, destructive to herself and to those close to her. The report of her treating psychiatrist states: "In the best interests of the child I think custody should not reside, with the mother." This finding is sufficient to justify the decree entered by the trial court. However, in view of some subsequent proceedings, we make, further findings herein.

Plaintiff's petition, without specifically mentioning the word adultery, alleges gross misconduct, extreme mental cruelty, and such specific conduct as to completely destroy the objects and purposes of matrimony. The, evidence sustains a finding of adultery. Defendant admitted that she told her husband she was in love with her doctor employer. She admitted that they had met on several occasions, and she told plaintiff the doctor's wife had caught them at a motel in Hastings, but she, denied any improper conduct at any time. On the occasion of the motel incident, defendant and the doctor registered at the motel in Hastings under the name of Mr. and Mrs. Bob Dudek. They had been trailed from Grand Island to that point by a detective employed by the doctor's wife. To accept the explanation offered by the defendant would strain the credulity of this court.

Although no overt act of adultery is shown, there are sufficient circumstances proved to justify a finding of adultery.

Where a wife is found to be guilty of adultery, she is an unfit person as a matter of law to have the care and custody of her minor child as against the husband she has wronged who is without fault. See, Wolpa v. Wolpa, *ante* p. 178, 153 N. W. 2d 746; Covault v. Covault, *ante* p. 119, 153 N. W. 2d 292.

The judgment awarding an absolute divorce and the care and custody of the minor child to the plaintiff is affirmed.

AFFIRMED.