LORABELLE M. HANSON, APPELLEE, V. RICHARD HANSON, APPELLANT.

187 N. W. 2d 647

Filed June 11, 1971. No. 37770.

Healey, Healey, Brown & Burchard, for appellant.

Donald R. Hays, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a petition for the modification of a divorce

decree in which the defendant husband now seeks custody of two minor children of the parties, a girl age 10 and a boy 9 years of age. From a decree denying the application, and continuing the custody of the two children to the plaintiff mother under the supervision and direction of the juvenile court, the defendant appeals. We affirm the judgment of the trial court.

In proceedings of this nature we feel that a detailed recital of the evidence would serve no useful purpose. We have reviewed the record and briefly summarize the facts. The gist of the defendant husband's contention is that the plaintiff had engaged in post-divorce sexual relations which require that she be deprived of the custody of her two minor children and that it be transferred to the defendant husband, who has now remarried. There is also evidence in the record that the defendant husband has engaged in post-divorce sexual relations with the plaintiff and that he has been dilatory and failed to pay the child support judgment in the sum of $50 per month for each child. The evidence sustains the trial court's finding that the plaintiff has properly cared for these children and that her conduct has been above reproach except for her sexual conduct with two other men. It also sustains by a preponderance of the evidence that the improper conduct of plaintiff in this respect was not known to the children nor has it adversely affected the children as to their care, education, or training. The evidence affirmatively shows that the plaintiff has provided for the physical needs of her children, has maintained regular employment, and has provided them with appropriate supervision, aided by the supervision of the children's grandmother during the time the plaintiff is working. From the record in this case we come to the same conclusion that the trial court did, that the best interests of the children under all of the circumstances of this case would be served by leaving their custody with the plaintiff at the present time, under the supervision of the chief juvenile pro-

bation officer of the separate juvenile court of Lancaster County. We hold and direct, as the trial court did, that the custody should be under the continual supervision of the juvenile probation officer of Lancaster County who should investigate the care that the children receive and in the event there is default on the part of the plaintiff or that said care appears to be inimical to the best interests of the children then the matter be returned summarily to the court for further hearing.

As we have suggested the cold record before us supports by a preponderance of the evidence the findings and conclusions that the trial court made herein. Particularly appropriate in the context of this case, with the suggestion of the conduct of the mother impinging upon the moral, educational, and physical welfare of the children, is our holding in the recent case of Fisher v. Fisher, 185 Neb. 469, 176 N. W. 2d 667, where in reviewing a trial court's findings in a similar situation this court said as follows: "We have, of course, given weight to the findings and judgment of the trial court. The decision of the trial judge is peculiarly entitled to respect. The court saw all the parties and witnesses; it was in closer touch with the situation than this court which is limited to a review of a written record. While this case is triable de novo in this court, we cannot overlook the fact that the judgment of the trial court is entitled to great weight in determining the best interests of children in custody proceedings." We have further recently said in Jones v. Jones, 183 Neb. 223, 159 N. W. 2d 544, with reference to the scope of judicial review of custody orders by this court as follows: "The discretion of the lower court with respect to awarding or changing the custody and support of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence."

We have considered the nature of the acts conceded

to have been committed by the plaintiff, and the circumstances surrounding the commission of the offenses. As the trial court found they were freely and forthrightly testified to by the plaintiff herself in the course of the trial. We have examined the probable effects of the offenses as they relate to the future welfare of the children and the best interests of the children under all of the circumstances of the case. We agree that the children should remain with the plaintiff, with the provisions for supervision carefully prescribed by the separate juvenile court's decree. We further feel that the enforcement of the decree will be strengthened by adding a provision transferring the legal custody of the children to the separate juvenile court. The close supervision of these children in the home contemplated by the court in its decree requires, at least temporarily, that the court retain power to act summarily herein and at the same time the best interests of the children will be served by giving the plaintiff a further opportunity to demonstrate the reformation of her conduct. We observe further that the court will retain a continuing jurisdiction to return the full legal custody to the plaintiff if and when the court in its judgment determines that circumstances warrant such a disposition.

The judgment of the trial court denying a modification of the decree to change the custody to the defendant is affirmed. The decree otherwise is affirmed except to provide the legal custody of the children be transferred to the separate juvenile court of Lancaster County, Nebraska.

The trial court ordered that each party pay his own costs and attorneys' fees, and we have come to the same conclusion as to costs and attorneys' fees in this court.

AFFIRMED AS MODIFIED.