GARY A. LUEDERS, APPELLANT, v. LEILANI LUEDERS, APPELLEE.

192 N. W. 2d 161

Filed December 10, 1971. No. 37981.

Thomas P. Kelley, for appellant.

Burbridge & Burbridge, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.
After a divorce decree the district court, retaining

custody of the four minor children, granted the mother, Leilani Lueders, possession that was periodic. The father, Gary, appeals. He contends that the grant was contrary to the best interests of the children.

The district court in rendering the divorce decree in January 1970, found that (1) Leilani by reasons of adultery and instability was unfit for child custody, and (2) Gary should receive possession of the children. It granted Leilani reasonable visitation.

The order granting Leilani periodic possession sustained part of a motion that she had filed approximately 8 months after rendition of the divorce decree. The periods were (1) every other weekend from Saturday afternoon to Sunday evening, (2) every Christmas Eve, and (3) Easter Sunday and Thanksgiving Day of alternate years to commence in 1971. No child support was allowed.

Prior to the marriage in 1963 of Gary and Leilani, ages 29 and 31 in 1970, Leilani had been married to Wayne Moore. Two children, ages 11 and 10 in 1970, were born to the Moore marriage. The California court decreeing divorce of the Moores, retained custody of the children. It also withheld possession of them from Leilani for 2 years or until the approach of her marriage to Gary. Gary subsequently adopted them.

The adultery was an isolated, short-lived affair, Leilani engaging in no other extramarital romance. She conceived a child out of wedlock in April 1969. The child, born December 25, was placed with an agency for adoption. The Lueders children knew nothing of the affair. Leilani in June informed Gary, who was undisputedly sterile at the time of conception.

A history of Leilani's health was elicited from nonmedical witnesses. During the Moore marriage Leilani had suffered a "nervous breakdown" which caused her to be confined in a sanitarium 6 months. In June 1969, several days after Gary learned of the adultery, and in the presence of the two younger children, Leilani in-

gested an overdose of drugs with the intent to commit suicide. The overdose caused her to be hospitalized for 6 weeks. Because of her illness a psychiatrist advised Gary to postpone commencement of the divorce suit. Another disorder, of which Leilani had been a victim at least since her marriage to Gary, was epilepsy. Seizures occurred biennially and infrequently on other occasions marked by intense excitement. Medication was administered. The Lueders children have been aware of the disorder.

From October 1969 to April 1970, Leilani lived and worked at the home of Nels and Helen Rydberg. Her chief duties were housekeeping and care of Nels, an invalid. To improve her formal education Leilani during this period attended college classes 5 nights a week. Helen, assistant manager of a life insurance company, had faith in Leilani. Helen called her an adopted daughter, and at times left her grandchild in Leilani's care.

At trial time Leilani lived alone in a house with living room, dining room, kitchen, two bedrooms, and full basement at 3867 Franklin Street in Omaha. She was unemployed, subsisting on unemployment benefits and her small savings. She had been gainfully employed at a furniture store and the office of another company. Her unemployment was hopefully temporary. Helen Rydberg offered to transport the Lueders' children from Gary's home in Millard. She had already done so. A consequence of the trial court's order would be attendance by the children at two Presbyterian churches.

In a post-divorce custody proceeding a determination of what constitutes reasonable visitation rights, or periodic possession of minor children, lies within the discretion of the trial court. On appeal we will not disturb the determination except to remedy abuse of discretion. See, Hanson v. Hanson, 187 Neb. 108, 187 N. W. 2d 647 (1971); Fry v. Fry, 186 Neb. 521, 184 N. W. 2d 636 (1971).

The district court retaining custody of the Lueders'

children will facilitate judicial supervision and summary power to act swiftly in their best interests. See Hanson v. Hanson, *supra*. The order did not constitute abuse of discretion. It is affirmed. Leilani's request that she be allowed a sum for services of her counsel in this court is denied. See Wolpa v. Wolpa, 182 Neb. 178, 153 N. W. 2d 746 (1967).

AFFIRMED.