LADISLAV J. NEMECEK, APPELLANT, v. GAYLE ANN
NEMECEK, APPELLEE.
199 N. W. 2d 409

Filed July 21, 1972. No. 38445.

Paul E. Watts, Michael N. Schirber, and Stephen Greenberg, for appellant.

J. William Gallup, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an appeal in a divorce action brought by Ladis-

lav J. Nemecek against Gayle Ann Nemecek. The amended petition alleged that the defendant had been guilty of extreme cruelty and adultery. These allegations were denied in the defendant's answer and cross-petition which alleged that the plaintiff had been guilty of extreme cruelty.

The trial court found the defendant had been guilty of extreme cruelty but the evidence was insufficient to sustain the allegations of adultery; the plaintiff should be granted a divorce from the defendant; and the defendant was a fit and proper person to have the custody of the minor children. It awarded child support in the amount of $80 per month per child until the children became self-supporting or emancipated. The plaintiff appeals.

The principal controversy is over custody of the minor children. The plaintiff contends the evidence established the defendant was guilty of adultery and that the custody of the children should have been awarded to him. The children involved are Lad Thomas, born December 18, 1961; Craig John, born November 17, 1963; and Brian Christopher, born November 2, 1965.

The parties were married in 1961. The evidence shows a course of misconduct by the defendant during the last 6 years of the marriage. This included visiting the apartments of other men in the early morning hours. Although circumstantial, there was evidence which, if believed, was clearly sufficient to establish adultery on the part of the defendant.

In determining child custody, the paramount consideration is the best interests and welfare of the children. Phillips v. Phillips, *ante* p. 89, 195 N. W. 2d 160. In this regard there is evidence in the record concerning the conduct of the plaintiff which makes it doubtful whether the custody of the minor children should be awarded to him.

The evidence relating to the care of the children by the defendant shows they have not been neglected or

mistreated in any way. Under these circumstances the judgment of the district court placing the children in the care of the defendant should not be reversed. However, in view of the evidence as to defendant's past misconduct, the judgment should be modified to provide for supervision of their custody by the chief juvenile probation officer. See Beck v. Beck, 175 Neb. 108, 120 N. W. 2d 585. As so modified, the judgment is affirmed. Defendant's attorney is allowed a fee of $250 for services in this court.

AFFIRMED AS MODIFIED.

SPENCER, J., dissenting.

I respectfully dissent herein on the grounds that the divorce and the custody of the children should have been granted to the plaintiff because of the adulterous conduct of the defendant.

SMITH, J., dissenting.

The majority opinion comes to this: No major variable, except the judgment of the trial court, is significant.

The three sons of the parties were not represented by counsel. No rule of this court even authorized appointment of counsel for them. The Legislature ameliorated this abomination in our adversary system in 1972 —too late for the trial court to act. See Laws 1972, L.B. 820, § 12, p. 249.

Given the insignificance of all but one major variable and the absence of a truly adversary proceeding, I consider expert forensic opinions outside the record. Behavioral scientists have tentatively concluded that an award like the one before us increases the danger of harm to the personality of the boy. See, Burton and Whiting, "The Absent Father and Cross-Sex Identity," Studies in Adolescence 107 (R. Grinder Ed., 1965); Lynn and Sawrey, "The Effects of Father-Absence on Norwegian Boys and Girls," 59 J. Abnormal Soc. Psych. 256 (1959); Wylie and Delgado, "A Pattern of Mother-Son Relationship Involving the Absence of the Father,"

29 Am. J. Orothopsychiatry 644 (1959). See, also, Brad-brook, "The Relevance of Psychological and Psychiatric Studies to the Future Development of the Laws Governing the Settlement of Inter-Parental Child Custody Disputes," 11 J. Fam. L. 557 at 563, 575, and 580-87 (1972); Kleinfield, "The Balance of Power Among Infants, their Parents and the State," 4 A. B. A., Fam. L. Q. 320 at 330 and 335-36 (1970).

I would award custody of the boys in this suit to their father.

NEWTON, J., joins in this dissent.