RICHARD E. SCHOTT, APPELLEE, v. DOROTHY M. SCHOTT,
APPELLANT.

206 N. W. 2d 39

Filed April 6, 1973. No. 38676.

W. O. Baldwin and Walter C. O'Neal, Jr., for appellant.
Downing & Downing, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is a divorce proceeding in which the plaintiff
husband was granted a divorce from the defendant and
awarded the custody of the minor children. The de-
fendant appeals contending the custody of the children
should have been awarded to her and the amount of ali-
mony awarded was inadequate.

The parties were married in 1961. They have two
children, Kimberly, now 10 years of age, and Brent, 7
years of age.

The defendant is 30 years of age. During the last
3 or 4 years she developed emotional problems and be-
haved in a bizarre manner on many occasions. She
was treated at the Southeast Psychiatric Clinic in 1969
and was a patient at the Hastings Regional Center in
1970. She is now living and working in Lincoln, Ne-
braska, and appears to be getting along quite well al-
though still receiving medication.

In determining child custody, the controlling considera-
tion is the best interests and welfare of the children.
Nemecek v. Nemecek, 188 Neb. 799, 199 N. W. 2d 409.

The record indicates the defendant's problems were
in part related to the care and responsibility which the

children required, and the defendant's conduct was having an adverse effect upon the children. The record fully sustains the award of custody of the children to the plaintiff.

The plaintiff is 31 years of age. He has a high school education. Prior to December 1968, he was employed as an auto parts salesman. In December 1968, he purchased a lumberyard in Nelson, Nebraska, where the parties have lived. In 1969, the yard had a net income of approximately $4,300; in 1970, a net loss of $1,260; and in 1971, a net loss of $50. The plaintiff's withdrawals of approximately $7,750 in 1970 and $5,400 in 1971 have resulted in a deficit of approximately $12,000 in the net worth account. The defendant was earning $350 per month at the time of the trial.

The trial court awarded the residence, household goods, and lumberyard to the plaintiff and ordered the plaintiff to pay $6,000 to the defendant, $300 by July 1, 1972, and the balance in monthly payments of $100. The parties are agreed that this approximates an even division of the property.

As we view the record, the award to the defendant was proper under the circumstances. We find no basis in the record to increase the amount or change the terms of payment.

The judgment of the District Court is affirmed. The defendant is allowed the sum of $250 for services of her attorney in this court.

AFFIRMED.

SMITH, J., participating on briefs.