JUDY ANN PETERSEN, APPELLANT, V. HERBERT L. PETERSEN,
APPELLEE.
212 N. W. 2d 580

Filed November 30, 1973. No. 39137.

William L. Howland of Bump & Bump, for appellant.

Michael V. Smith of Smith & King, for appellee.

Heard before SPENCER, SMITH, NEWTON, and CLINTON, JJ., and MURPHY, District Judge.

MURPHY, District Judge.

This is an appeal from an order modifying the custody provision of a divorce decree. Two issues are presented for consideration. First, whether the trial court erred in ordering a change in custody in the absence of any finding that appellant's conduct had a detrimental effect on the child. Second, that it erred in finding a sufficient change in circumstances which would warrant the modification.

As to the first, the rule enunciated by the Supreme Court is clearly settled: That in determining the question of who should have the care and custody of minor children the paramount consideration is the best interests and welfare of the children. Bennett v. Bennett, 189 Neb. 654, 204 N. W. 2d 379. Appellant's contention, however, that the trial court erred by ordering the change in custody without a specific finding of harm to the child is untenable and if accepted would work to undermine the best interest rule. In Fisher v. Fisher, 185 Neb. 469, 176 N. W. 2d 667, a husband petitioned for a modification of custody based on the ex-wife's misconduct, and although denied, the Supreme Court stated that when deciding the issue of custody the trial court should consider, among other factors, "the *probable ef-*

*fects* of the offense as it relates to the future welfare of the children." (Emphasis supplied.) More recently in Gilman v. Riis, *ante* p. 409, 209 N. W. 2d 173, the court in commenting on the role of the trial court in custody cases, stated: "The discretion of a trial court in this situation is necessarily subjective and must be founded to a significant extent upon his observation of the parties and the review of all the minute details that affect the general welfare and the best interests of the children. It also must necessarily be *prospective in nature.*" (Emphasis supplied.) It can be discerned from these two decisions that the trial court's role in protecting the interests of a child is preventive as well as remedial; and when in a situation such as this, the trial court determines a child could suffer harm by remaining in his present home then it would be incumbent upon that court to order a change.

As to the second issue, the Supreme Court does not decide the issue of custody as an original matter. Gilman v. Riis, *supra.* The discretion of the trial judge with respect to changing custody of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Adamson v. Adamson, *ante* p. 716, 211 N. W. 2d 895. A thorough review of the record reveals that the evidence supports the trial court's finding of a change in circumstances. Suffice it to say that the appellant had conducted herself in her relationship with numerous men in a manner the trial court felt could threaten the welfare of the child. In contrast, the home of the father offered a more wholesome atmosphere, without the potential for disruption in the mother's household. Therefore it was, as previously mentioned, a proper exercise of its discretion to order a change in custody to serve the best interests of the child.

AFFIRMED.