LINDA KARLENE LOCKARD, APPELLEE, v. LYSLE LELAND LOCKARD, APPELLANT.

227 N. W. 2d 581

Filed April 3, 1975. No. 39577.

Wagoner & Wagoner, for appellant.

Higgins & Huber, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

This is an appeal from a decree in an action for the dissolution of marriage. The District Court ordered the dissolution of the marriage in question and awarded custody of the two minor children adopted by the parties, to the wife. The District Court further ordered the husband to pay all costs of the action, together with attorney's fees for the wife in the amount of $250. In this appeal the husband argues that the adultery of the wife was conclusively established by the evidence; and therefore as a matter of law, she would not be entitled to an award of custody or of attorney's fees, and should be required to pay the costs of the action. We affirm.

The appellant in this case relies almost exclusively upon the case of Wolpa v. Wolpa, 182 Neb. 178, 153 N. W. 2d 746 (1967), wherein this court held that where a wife is conclusively found to be guilty of adultery, she is an unfit person as a matter of law to have the care and custody of her minor children as against the husband she has wronged. The court also held in that case that where adultery of a wife is established, she is not entitled to an award of alimony or attorney's fees, and the costs of the action in such case are ordinarily taxable to the wife. The same rules have also been expressed, in slightly varied forms, in other cases decided by this court. See, Yost v. Yost, 161 Neb. 164, 72 N. W 2d 689 (1955); Baker v. Baker, 166 Neb. 306, 89 N. W. 2d 35 (1958); Beck v. Beck, 175 Neb. 108, 120 N. W. 2d 585 (1963); Houghton v. Houghton, 179 Neb. 275, 137 N. W. 2d 861 (1965); Covault v. Covault, 182 Neb. 119, 153 N. W. 2d 292 (1967); and Morrissey v. Morrissey, 182 Neb. 268, 154 N. W. 2d 66 (1967). However, in Fisher v. Fisher, 185 Neb. 469, 176 N. W. 2d 667 (1970), this court expressly modified the rule in the earlier cases relating to the effect of the wife's adultery upon

the matter of child custody, although the effect of such conduct upon the issues of costs and attorney's fees was not discussed. The appellant now asserts that under our prior decisions we are compelled to hold in the case now before us that the District Court erred in its disposition relating to child custody, attorney's fees, and costs. We do not agree.

We believe that whatever the former rules regarding the effect of a wife's adultery upon such matters may have been, those rules can no longer be regarded as controlling under Nebraska's current no-fault divorce law. Barnes v. Barnes, 192 Neb. 295, 220 N. W. 2d 22 (1974). See Henderson, Practice and Problems Under Nebraska's New Divorce Laws, 52 Neb. L. Rev. 1, 16 (1972). The matters now before us must necessarily be resolved upon the basis of the language and legislative policy of the statutes presently applicable.

Child custody is now controlled by section 42-364, R. R. S. 1943, which provides, among other things: "Custody and visitation of minor children shall be determined on the basis of their best interests." The statute has been expanded since its original enactment, although the "best interests" requirement has not been changed. It is now clear that in determining who shall receive custody of the minor children of the parties to an action for the dissolution of marriage the controlling consideration is the best interests and welfare of the children. Schott v. Schott, 190 Neb. 84, 206 N. W. 2d 39 (1973). It would be contrary to the plain meaning of section 42-364, R. R. S. 1943, for us to hold, assuming equal fitness of the parents, that custody should be denied to a parent guilty of adultery, and to disregard the issue of where the best interests of the children lie. Since we cannot say as a matter of fact that it would always be in the best interests of the children for custody to be denied to an adulterous parent, we are also unable to hold that custody should be denied to an adulterous parent as a matter of law. The fact that one

of the parties to an action for the dissolution of marriage has committed adultery, although a relevant consideration, will not necessarily be determinative of who shall be awarded custody of the minor children of those parties.

We have reviewed the record in this case and have determined that the best interests of the children involved herein require that the appellee be awarded custody of those children. Although the trial court made no findings of adultery on the part of the wife, it is true that the record does establish the appellee had, at least once, been involved in an adulterous relationship during the marriage. It does not appear from the record, however, that such relationship was a continuing one, or ever caused her to neglect her children. In fact, the record clearly reflects that the children are very well taken care of by the appellee, that they are clean, well fed, well dressed, and receive excellent love and care from her. It also appears that she is now employed in a hospital as a nurses aide, and is living near the residence of her parents. She indicated she will actively seek their aid and support in raising the children, and they have indicated that they are willing to provide such aid and support. Appellant is a First Class Petty Officer in the United States Navy; and, being a member of the armed services, lives a somewhat more uncertain style of life, although he indicates he could be assigned to shore duty. The wife testified, and he has acknowledged, that he is an alcoholic. She further testified that he has twice attempted to commit suicide. He denied one such incident, but was compelled to admit that the second suicide attempt described by the wife did in fact take place, indicating a lack of stability on his part. On the strength of the record before us we are convinced that the custody of the minor children in this case should be awarded to the appellee.

In Fisher v. Fisher, *supra*, this court stated: "The

decision of the trial judge is peculiarly entitled to respect. The court saw all the parties and the witnesses; it was in closer touch with the situation than this court which is limited to a review of a written record. While this case is triable de novo in this court, we cannot overlook the fact that the judgment of the trial court is entitled to great weight in determining the best interests of the children in custody proceedings."

Appellant has also assigned as error those portions of the order of the District Court requiring him to pay all costs of the action and attorney's fees for the wife in the amount of $250. The appellant argues that those determinations were improper under our prior authority in light of the adultery of the appellee. See Wolpa v. Wolpa, *supra*. We now hold the fact that one of the parties to an action for the dissolution of marriage has committed adultery will not as a matter of law prevent an award of attorney's fees or affect the payment of costs under sections 42-351 and 42-367, R. R. S. 1943. Upon review, we have determined the District Court was correct in its determination in this case that the appellee should be awarded attorney's fees and the appellant should be compelled to pay the costs of the action. The judgment of the District Court is, in all respects, affirmed.

AFFIRMED.