PAMELA A. CHILESE, APPELLANT, v. LAWRENCE A. CHILESE, APPELLEE.

246 N. W. 2d 475

Filed October 27, 1976. No. 40475.

Barlow, Johnson, DeMars & Flodman and Stephen L. Ahl, for appellant.

Friedman & Berry, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an appeal from a divorce decree. The sole question presented here is the propriety of the custody award. We affirm the judgment of the District Court.

The parties were married on October 4, 1970. They are the parents of one child, Maya Terra Chilese, born October 15, 1971. The District Court found that the appellee was a fit and proper person for the permanent care, custody, and control of Maya, and that the appellant was not. The District Court further found and directed that it is in the best interests of Maya that permanent legal custody be placed with the juvenile probation office of Lancaster County and that physical custody be with the appellee, subject to the supervision of the juvenile probation office. Appellant was to be given reasonable visitation rights.

The record shows that both parents love their child, and that she loves both her parents. The record also shows, as is often the case, that neither parent is totally without faults, or totally without positive attributes.

At the time of trial, the appellee was steadily employed as an architect, earning adequate wages, and living in and maintaining the family home. This home is located a block and one-half from an elementary school, with many children of Maya's age in the neighborhood. The appellee comes from a large family. He has one sister who, along with her family, lives in Lincoln. The remainder of his family lives in Omaha, Nebraska, as does the appellant's mother. Maya enjoys her relatives and enjoys being with them and visiting them.

At the time of trial the appellant intended to move with Maya to Burlington, Vermont, where she would work towards a graduate degree in psychology. Maya has no relatives in Vermont, however, the appellant testified that she anticipated making friends there.

The record shows that the appellant had sexual relations with an individual other than her husband between the time they were married and before the filing of the petition for dissolution of marriage. Following the separation of the parties, the appellant had sexual relations with several persons including Bill Zetterman. She testified that she had slept with Mr. Zetterman several times in her apartment, while Maya was present, asleep, and that during these times Maya could have gotten up for some reason and observed them together. The appellant testified that Mr. Zetterman planned to follow her to Vermont. Concerning their planned relationship in Vermont, the appellant testified that, while Mr. Zetterman would not live under the same roof, there probably would be times when he would spend the night with the appellant at her place while Maya was present.

The following rules are applicable to our review of the District Court's decision.

While adultery does not, as a matter of law, deprive a parent of the custody of a minor child, it is a factor which may properly be considered by the court in determining what is in the best interests of the child. Fisher v. Fisher, 185 Neb. 469, 176 N. W. 2d 667 (1970); Lockard v. Lockard, 193 Neb. 400, 227 N. W. 2d 581 (1975).

"The decision of the trial judge is peculiarly entitled to respect. The court saw all the parties and witnesses; it was in closer touch with the situation than this court which is limited to a review of a written record. While this case is triable de novo in this court, we cannot overlook the fact that the judgment of the trial court is entitled to great weight in determining

the best interests of children in custody proceedings." Fisher v. Fisher, *supra*. See, also, Hanson v. Hanson, 187 Neb. 108, 187 N. W. 2d 647 (1971). "The discretion of the lower court with respect to awarding or changing the custody and support of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence." Jones v. Jones, 183 Neb. 223, 159 N. W. 2d 544 (1968). See, also, Conger v. Conger, 194 Neb. 771, 235 N. W. 2d 634 (1975).

The judgment of the District Court is correct and is affirmed.

AFFIRMED.