DONNA STECKER, APPELLEE, v. JACK STECKER, APPELLANT.

247 N. W. 2d 622

Filed December 8, 1976. No. 40626.

Thomas F. Colfer and William W. Lyons of Russell, Colfer, Lyons & Wood, for appellant.

Mousel & Burger, for appellee.

Heard before SPENCFR, BOSLAUGH, and CLINTON, JJ., and HAMILTON and WINDRUM, District Judges.

WINDRUM, District Judge.

This is an appeal from a decree dissolving the marriage of the parties.

The parties were married August 29, 1971. To the union was born one child, Sean Michael Stecker, on August 2, 1972.

Trial on the merits was held on July 28, 1975, at the conclusion of which, the District Court requested the "Social Services Unit" make an investigation of the circumstances of the minor child and the parties, and report to the court in writing. The report was duly furnished the court, whereupon a further hearing was had before the court on August 20, 1975. The report requested was received into evidence over the objection of appellant. Prior to its receipt each of the parties was given an opportunity to examine same. The District Court thereafter decreed the marriage dissolved. The decree disposed of all other items germane to the action, including the custody of the child, Sean. The custody of the child was awarded appellee, under the supervision of certain welfare agencies, subject to extensive visitation rights awarded appellant. Appellant duly filed a motion for new trial attacking only the decision as to custody. On September 19, 1975, appellant filed a motion to modify final decree. Hearing was had thereon on November 14, 1975. Prior thereto, the Nemaha County division of public welfare had been requested to investigate the new residence of appellee and to compose a written report thereof. Said report was received into evidence over objection by appellant. Both parties had been given an opportunity to examine

same. The court continued the matter and requested that another investigation of appellee's situation be made in Nemaha County. On January 7, 1976, a final hearing was held. The third investigative report was received into evidence without objection. The motion of appellant to modify was sustained to the extent that legal custody of Sean was vested in the Hitchcock County division of public welfare with courtesy supervision by the Nemaha County division of public welfare. Physical possession was awarded appellee with extensive visitation rights vested in appellant. A motion for a new trial as to this hearing was duly filed on January 17, 1976, and was duly overruled.

The only issue presented on appeal concerns the propriety of the custody award, as originally ordered and thereafter, partially modified.

Appellant complains of the reception into evidence of the three written reports of various social service agencies. The court announced that it did not rely on the first. A perusal of the second indicates it furnished nothing of value, thus the reason the court ordered a third investigation. The written report of the third investigation was examined by both parties and received in evidence without objection. This entire question of investigative reports in actions for dissolution of marriage was discussed in Schuller v. Schuller, 191 Neb. 266, 214 N. W. 2d 617, and Christensen v. Christensen, 191 Neb. 355, 215 N. W. 2d 111. It would serve no useful purpose to discuss the matter further herein, except to say that the last report was not objected to and, assuming, arguendo, the admission of the first two reports in evidence were erroneous, it will be presumed the trial court did not base its decision thereon and they will be disregarded by this court in a determination de novo.

Appellant, in several particular assignments of error, alleges in essence that the court erred in the award of custody of the child as above related, as such an award

was contrary to the evidence, contrary to law, and an abuse of discretion. To recite salient bits of evidence in this case would not be of help to the legal profession so far as precedence is concerned. Suffice to say, that variations thereof are all too common.

This case is controlled by the following quotation contained in Chilese v. Chilese, 196 Neb. 784, 246 N. W. 2d 475: " 'The decision of the trial judge is peculiarly entitled to respect. The court saw all the parties and witnesses; it was in closer touch with the situation than this court which is limited to a review of a written record. While this case is triable de novo in this court, we cannot overlook the fact that the judgment of the trial court is entitled to great weight in determining the best interests of children in custody proceedings.' Fisher v. Fisher, supra. See, also, Hanson v. Hanson, 187 Neb. 108, 187 N. W. 2d 647 (1971). 'The discretion of the lower court with respect to awarding or changing the custody and support of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence.' Jones v. Jones, 183 Neb. 223, 159 N. W. 2d 544 (1968). See, also, Conger v. Conger, 194 Neb. 771, 235 N. W. 2d 634 (1975)."

The record indicates that the court devoted much time and thought to the question of the custody of the child, as determined by the child's best interests. There were seven separate hearings, each of which involved some facet of the question of custody. Pages of the bill of exceptions record the court's announcements from the bench indicating thought processes in arriving at its decision. No more conscientious effort could have been exercised or asked for. Sufficient evidence exists in the record to support the court's findings that each of the parties was immature and that the interests of the child be best served by vesting legal custody in someone other than themselves to insure a measure of

control and supervision. Likewise, sufficient evidence exists to warrant the order awarding physical custody in appellee, with extensive visitation rights vested in appellant.

Lastly, appellant alleges as error that the court has no jurisdiction to terminate parental rights. Since no order of the court terminated parental rights, said allegation shall not be further discussed.

The judgment of the District Court is correct and is affirmed. The appellee is awarded $500 for the services of her attorney in this court.

AFFIRMED.