ANN C. BARTLEY, APPELLANT, v. JOSEPH R. BARTLEY, APPELLEE.

248 N. W. 2d 39

Filed December 22, 1976. No. 40610.

Michael Kelley of Kelley & Kelley, for appellant.

Walter J. Matejka and William E. Pfeiffer, for appellee.

Heard before WHITE, C. J., McCOWN, and CLINTON, JJ., and STUART and RIST, District Judges.

RIST, District Judge.

Ann C. Bartley appeals from an order of the District Court for Douglas County, Nebraska, modifying the decree of dissolution of marriage of the parties by terminating appellant's custody of the minor child of the parties, Joseph Matthew Bartley, and awarding custody of the child to Joseph R. Bartley, the appellee. ·

The marriage of the parties was dissolved by the District Court on July 5, 1973. The decree awarded custody of their minor child, born September 8, 1970, to the appellant, subject to reasonable visitation by appellee.

On January 11, 1974, appellant filed an application with the court for permission to remove the child to Dallas, Texas, where she had secured improved employment. The application was heard on January 25, 1974, and an order entered January 30, 1974, giving appellant permission to remove the child to Dallas and modifying the decree of dissolution to provide that appellee should have the child during January, February, and March of each year until the child reached the age of 6 years, and thereafter during the months of June, July, and August of each year. The parties were also to alternate having the child a week at Christmas.

Appellant and the child moved to Dallas in February

1974. She there married Tommy Nash in June of 1974, which marriage ended in divorce approximately 1 year later. No children were born of this marriage. The divorce action was brought in Texas by Mr. Nash. Appellant testified the reason for the divorce was that Nash did not want the child in their home.

Following the modification of the decree appellee first had the child in his home commencing in late December 1974, and continuing until the end of March 1975, when the child was returned to appellant. In April 1975, appellant called the appellee and advised him she was having marital difficulties and requested that he take the child for that reason. Appellee went to Dallas and returned with the child to Omaha. The child remained with appellee until July 6, 1975, when appellant came to Omaha and returned to Dallas with him.

The child's stay in the home of appellee and his present wife on these occasions appears to have been both happy and harmonious.

In late July or early August 1975, the appellant and the child moved into the home of Paul Cooper in Dallas, where they lived with Cooper up to the time of the hearing on appellee's application to change custody. Appellant and Cooper were not married, although they both testified they planned to marry approximately 1 month after the date of hearing. Cooper has been previously married and divorced with no children of that marriage.

While the child was in Dallas appellant worked but made arrangements for the child to attend a private school and day center of apparent good quality.

The appellee married Kathleen Bartley on September 14, 1974, after having lived with her for approximately 1 year. Kathleen Bartley had been married twice before, one marriage ending in divorce and the other by annulment. She has no children by her previous marriages. Her present marriage to appellee is apparently proceeding in a satisfactory manner.

At the hearing to change custody Kathleen Bartley testified to a conversation she had with the appellant in the summer of 1974 at the home of appellant's parents. She testified that appellant then said she could not control the child and that she would give up the child if her parents wouldn't object — that she couldn't take pressure from her parents and friends. When questioned about this conversation appellant's response was "I don't remember saying that I would give up Joey to Joe. I don't remember saying that."

The record reflects that both parties are gainfully employed. Appellee's present wife works occasionally. Paul Cooper is self-employed and owns his home and a rental property in Dallas.

The record sustains the conclusion that both parties have affection for the child.

The applicable rules of law in this case are: A decree fixing custody of minor children will not be modified unless there has been a change of circumstance indicating that the person having custody is unfit for that purpose or that the best interests of the child require such action. Bennett v. Bennett, 189 Neb. 654, 204 N. W. 2d 379; Carper v. Rokus, 194 Neb. 113, 230 N. W. 2d 468.

In determining with which of the parents a child shall remain, the court shall not give preference to either parent based on the sex of the parent and no presumption shall exist that either parent is more fit to have custody of the child than the other. § 42-364, R. S. Supp., 1976.

While adultery does not, as a matter of law, deprive a parent of the custody of a minor child, it is a factor which may properly be considered by the trial court in determining what is in the best interests of the child. Chilese v. Chilese, 196 Neb. 784, 246 N. W. 2d 475.

It is clear from the record that a change of circumstance respecting custody has occurred since the decree was modified on January 30, 1974, permitting appellant

to move to Dallas with the child. Since that date she entered into a marriage which was short-lived and apparently so unpleasant that she requested appellee to keep the child for an extended period in 1975 over and beyond the visitation period provided by court order. At the conclusion of that marriage she moved with the child into the home of a man to whom she was not married and openly and continuously cohabited with him — a condition that continued up to and including the time of the custody hearing. The duration of this cohabitation was such as would expose its nature to the child. The record would also sustain the conclusion that she was ambivalent on occasion about wanting the child and that she was responding in some degree to family influence in her resistance to the change of custody. The record also shows that since the modification appellee has remarried and the marriage appears to be proceeding satisfactorily.

It should be noted that while both parties have cohabited out of wedlock since the dissolution, the record reflects that appellee remarried before the child again lived in his home. This is not the case with respect to appellant and Cooper.

The trial court at the conclusion of the hearing criticized the conduct of both parties, noting it made his task difficult; but he assessed the home of appellee as being more stable than that of the appellant, being one in which the child of the parties had the best chance for a satisfactory family relationship and that the best interests of the child required that appellee be given custody. The record supports this conclusion.

We note again the well-established rule that: "The decision of the trial judge is peculiarly entitled to respect. The court saw all the parties and witnesses; it was in closer touch with the situation than this court which is limited to a review of a written record. * * * we cannot overlook the fact that the judgment of the trial court is entitled to great weight in determining the

best interests of children in custody proceedings." Fisher v. Fisher, 185 Neb. 469, 176 N. W. 2d 667. See, also, Chilese v. Chilese, *supra*.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.