BILL W. ABEL, APPELLEE, v. SOUTHWEST CASUALTY
INSURANCE COMPANY, A CORPORATION, APPELLANT.
DUANE C. MILLER ET AL., APPELLEES, v. SOUTHWEST
CASUALTY INSURANCE COMPANY, A CORPORATION,
APPELLANT.
156 N. W. 2d 166

Filed February 9, 1968. Nos. 36714, 36715.

Sidner, Gunderson, Svoboda & Schilke, for appellant.

Kerrigan, Line & Martin, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

Two houseowners, plaintiffs, sue the defendant on the guaranty or surety bond contract of two basement waterproofing contracts allegedly breached by the contractor. This is a law action, tried by the court without a jury, in which the damages were stipulated. The district court

entered judgment for the plaintiffs. We affirm the judgment.

Vulcan (Vulcan Waterproofing of K. C., Inc., a Missouri corporation) in an instrument captioned in large deep black print, "SURETY BONDED WATERPROOFING GUARANTY," issued to and contracted with plaintiffs as follows: "YOUR GUARANTEE: In consideration of sums received by us for applying our waterproofing treatment to the above premises for the elimination of water seepage, we guarantee, subject to the Bond reproduced on the reverse side hereof, to apply our waterproofing treatment using the exclusive Vulcan Patented Pressure Pumping Process, as described in our Contract bearing the above stated number. In addition to our patented pressure pumping process, *the contractor, if ever necessary, will supply all waterproofing* materials he deems necessary *in the event further waterproofing is required. This agreement does not include dampness, or condensation of walls and/or floors treated by this Company, if such conditions are caused by humidity either from within or outside the walls and/or floors.* It shall not be construed that this guarantee covers any walls and/or floors other than those treated by this Company, or water leaks due to electrical or plumbing failure. The liability of this Company under any one Guaranty for such waterproofing treatment shall in no event exceed $5,000.00." (Emphasis supplied.)

The guaranty was for a 5-year period. On the reverse side of this instrument the defendant guarantees as follows: "* * * Guaranties when duly authorized and properly issued by Vulcan Waterproofing of K. C., Inc., (a Missouri Corporation) * * * Surety Bonded Waterproof-(i)ng Guaranty (Series WP-1), that said Principal will discharge its obligations in accordance with the terms and conditions of said Guaranty during the period that such issued Guaranty is in full force and effect, * * *."

Defendant, an Arkansas insurance company, executed one general guaranty bond to Vulcan, and under its

authorization, Vulcan included it in the individual contracts, as here. Vulcan, incorporated in Missouri, entered into 33 Nebraska contracts, 2 of which were with plaintiffs. Defendant was unauthorized to do business in Nebraska and, except to the extent indicated, did no business in Nebraska.

We go to the question raised as to jurisdiction over the defendant. Plaintffis secured service on defendant under the Unauthorized Insurers Process Act (44-137.01 to 44-137.10, R. R. S. 1943). Defendant filed a special appearance objecting to jurisdiction because it did no business in the state and on the ground that the obligations were not insurance contracts under the act. There are two answers which dispose of this contention.

(1) After filing the special appearance which was overruled, defendant filed a motion to make the petition more definite and certain and attempted to preserve the special appearance, answered attempting to preserve special appearance, requested relief on the pretrial order, moved for dismissal of plaintiffs' cases, and moved for a new trial without attempting to preserve the special appearance. This constituted a general appearance and the jurisdictional objection is without merit. The rule has long since been settled: "An appearance is special when its sole purpose is to question the jurisdiction of the court. It is general if the party appearing invokes the power of the court on any question other than that of jurisdiction." Ivaldy v. Ivaldy, 157 Neb. 204, 59 N. W. 2d 373. See, also, O'Hara v. Frederickson Building Corp., 166 Neb. 206, 88 N. W. 2d 643; Graff v. Graff, 179 Neb. 345, 138 N. W. 2d 644; South Omaha Nat. Bank v. Farmers & Merchants Nat. Bank, 45 Neb. 29, 63 N. W. 128; Behr v. Duling, 128 Neb. 860, 260 N. W. 281; Bankers Life Ins. Co. v. Robbins, 59 Neb. 170, 80 N. W. 484; McKillip v. Harvey, 80 Neb. 264, 114 N. W. 155; Maxwell v. Maxwell, 106 Neb. 689, 184 N. W. 227; Troyer Furniture Co. v. Orchard & Wilhelm Co., 121 Neb. 301, 237 N. W. 144.

Defendant's only answer in its reply brief is the case of Behr v. Duling, *supra*. But this case, in haec verba, specifically reaffirms the above rule and holds that an answer, by way of general denial, preserving the objection to jurisdiction is not a request for affirmative relief and therefore not a general appearance. But that is not the case here, especially the motion for new trial without any preservation of the objection to jurisdiction. An interesting discussion reconciling the proper relationship of these rules is found in Ivaldy v. Ivaldy, *supra,* but further discussion is unnecessary here.

(2) Jurisdiction was secured under the Unauthorized Insurers Process Act. The defendant, an Arkansas insurance company, collected premiums on 33 guaranties authorized to be issued and actually issued by Vulcan to Nebraska residents. Section 44-137.02, R. R. S. 1943, says that such acts "effected by mail or *otherwise,"* authorize process under the act. And considering the terms of this guaranty, the inducing purpose of this insurance, and under the provisions of section 44-359, R. R. S. 1943, the guaranty was an insurance contract in any meaningful sense of the term. See Sun Ins. Co. v. Aetna Ins. Co., 169 Neb. 94, 98 N. W. 2d 692. Under section 44-137.01, R. R. S. 1943, the statutorily declared public policy of this state is: "* * * that it is a subject of concern that many residents of this state hold policies of insurance issued or delivered in this state by insurers while such insurers are not authorized to do business in this state, thus presenting to such residents the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies." The enforcement of such a purpose by an Unauthorized Insurers Process Act is constitutionally proper. Pennsylvania Lumbermen's Mut. Fire Ins. Co. v. Meyer, 197 U. S. 407, 25 S. Ct. 483, 49 L. Ed. 810. We also observe, from the self-designated name of the defendant, that apparently its contention herein is that it was acting ultra vires. There is no merit to these jurisdictional objections.

The assignments of error as to the inadmissibility of certain evidence and its sufficiency will be considered together. This was a trial to the court and the undisputed evidence is that Vulcan performed the work; that subsequently the basements and the floor leaked; and that Vulcan did not and could not comply with the guaranty apparently because it went out of business. Consequently any error in the admission of evidence as to representation by Vulcan that if the plaintiffs' houses were sitting in the middle of a lake, it would make them dry, is not prejudicial because the case was tried to the court alone. Assuming it was inadmissible, the presumption on appeal is that the trial court did not consider incompetent evidence. Miller v. Banner County, 127 Neb. 690, 256 N. W. 639; Terry Carpenter, Inc. v. Nebraska Liquor Control Com., 175 Neb. 26, 120 N. W. 2d 374; Duffy v. State ex rel. Edson, 60 Neb. 812, 84 N. W. 264. Moreover, we fail to understand how the defendant can contend the term "waterproofing" is ambiguous and yet at the same time argue the inadmissibility of parol testimony to resolve such ambiguity. Giving maximum range to its argument it contends that the words "waterproof" and "waterproofing" as used in the Vulcan's guaranty were not "intended to mean to guarantee elimination of all water" but that when "waterproof" is used it is in a "qualified phrase to avoid a concept of fully guaranteeing elimination of all water." We will not repeat the guaranty, set out in full hereinbefore. The only exclusion is dampness or condensation on the walls and floors and nothing else. The instrument in bold type says, "Surety Bonded Waterproofing Guaranty" and after stating that the purpose is to eliminate water seepage, states that in addition to applying their special process, "the contractor, if ever necessary, will supply all waterproofing materials he deems necessary in the event further waterproofing is required." Webster's International Dictionary (2d Ed.), Unabridged, p. 2886, defines "waterproof" as follows: "Impervious to water; specif.;

a. Covered or coated with a material, as a solution of rubber, to prevent permeation by water. b. Pert. to or characterizing a * * * structure so constructed that a stream of water may be directed on it under specified conditions without the water entering. * * * To make waterproof, esp. by application of some material, as rubber solution, impervious to water, - v.i. To be, or to be made, waterproof." "Waterproofing" is defined in the same work: "a. Act or process of applying a coating which will render something, as a roof or a fabric, waterproof; also, the state of being waterproof. b. Material applied to something else to make it waterproof."

It seems unnecessary to belabor the matter further. By circuitous and ingenious reasoning the defendant would have us come to the conclusion that waterproofing means "water resistant" or "water repellant" as commonly designated, for example, in a watch or coat. Humidity excepted, the guaranty was to "waterproof" and that conclusively includes protection against water seepage, the undisputed condition continuing after Vulcan performed its work. The guaranty is clear and unambiguous and requires no construction. It may be that the burden assumed is onerous, but we know of no rule protecting an insurance company from assuming such obligation, especially in light of the payment of a premium and the clear inclusion of the guaranty as an inducement to the plaintiffs. The contract of a surety, acting for compensation, is construed most strongly against the surety and in favor of the indemnity which the obligee has reasonable grounds to expect. Sun Ins. Co. v. Aetna Ins. Co., *supra*.

Defendant argues that Vulcan performed the work that it agreed to and therefore the obligation is discharged. But the obligation was to perform the work necessary to "waterproof" (humidity excepted) the basements and this is conclusively demonstrated by the 5-year guaranty. The guaranty was not that the work could be performed in 5 years but that the basements would be waterproof

5 years after the work was performed (structural changes excepted). Defendant would have us believe that if Vulcan performed the work in 5 years the obligation would be discharged, a contention patently absurd.

The evidence is undisputed as to the breach and the damages were stipulated. The representative of Vulcan saw the cracks in the floors and the water seepage before the contract was entered into. After Vulcan's treatment, water seeped up through the crack radiating from the center seam in Abel's floor. The Vulcan process made no difference. The same situation was present as to Miller.

The court had jurisdiction, the guaranty and its breach were clear, and the judgment of the district court is correct and is affirmed. Plaintiffs are allowed $500 attorneys' fees for services in this court.

AFFIRMED.