LINDA ANN BOLLES, APPELLEE, v. DARRELL W. BOLLES, APPELLANT.

157 N. W. 2d 410

Filed March 22, 1968. No. 36726.

Beynon, Hecht & Fahrnbruch, for appellant.

Johnston, Grossman & Johnston, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Granting an absolute divorce because of cruelty practiced by Linda Ann Bolles, the district court awarded her custody of the daughter of the parties. Darrell W. Bolles has appealed. He complains of the custody award and the indefiniteness of provisions for support.

Linda, age 18, and Darrell, age 20, were married in June 1963, and the daughter, Tammy Lynn, was born in April 1964. There were lapses of maternal care during infancy. Linda forced Tammy at the age of 6 weeks to sit up and at the age of 8 months to walk. Tammy cried. Her mouth was burned when she was fed hot milk by Linda, and emission of blood was ascribed to the burn. Tammy also had cradle cap, diaper rash, a dehydrated condition that necessitated hospitalization, and diarrhea. To relieve the diarrheal condition Linda dosed Tammy with peppermint candy.

Several circumstances illustrate attitudes of the parties prior to March 1965, toward family life. Linda kept the home dirty and the main floor littered with soiled diapers and baby bottles of sour milk. Darrell, who gained a livelihood as an operator of heavy equipment loaders at quarries, did much of the domestic work. Linda associated with a married man who was not related to her by blood or marriage. Rumors provoked her father, Henry Bennett, to accuse her of adultery. She denied the accusation.

On March 6, 1965, an automobile accident hospitalized Linda with a skull fracture and concussion. On April 29, 1965, her mother, Anna Bennett, and Henry removed Linda to their home where she was to remain. Darrell on advice of physicians intended to place Linda in Douglas County Hospital for rehabilitation. The plan was thwarted by Anna, who had been at one time employed as a practical nurse.

During convalescence at the Bennett home Linda was seen periodically by Dr. John P. Gilligan. At first she had head pain, double vision, faulty memory, speech impediments, and extreme difficulty in moving her limbs. Sometimes she was very tense and irritable. By July 10, 1965, she could walk and raise both arms above her head. On the final visit in September 1966, Dr. Gilligan found improvement of memory, speech, vision, physical strength, and emotional behavior. He considered Linda then unemployable.

Tammy lived at the Bennett home most of the time after April 29, 1965. Conditions were not ideal. The house was dirty. Tammy's hair and clothes were unkempt. Whenever the Bennetts watched a newscast, Tammy's bedtime was past 10 p.m., unless she voluntarily lay down before then. She sustained cuts on lip and tongue, burns on three fingers, sties, a bruise 4 inches long and 1 inch wide across the forehead, and other bruises on the left temple, shoulders, and both buttocks. When she ran the tip of a nail in her foot, only Anna treated Tammy: "I put a poultice of bread and milk on it."

After comencement of suit by Linda in August 1965, Darrell moved into his parents' home where he was living at the time of trial. His conduct was good under trying circumstances. The Bennetts and the Bolleses both desired physical custody of Tammy, and members of the families erupted with bitter words. Darrell himself evinced considerable restraint.

The court determines which parent is to have custody according to the best interests of the child. A child of tender years is usually awarded to the mother unless she is unfit. Smallcomb v. Smallcomb, 165 Neb. 191, 84 N. W. 2d 217. There is persuasive evidence and little dispute that the Bolles' home is suitable for Tammy, and the Bennett home, we think, is less suitable. An award according to the rule of preference for the mother would not be in the best interests of Tammy. Darrell should

have custody subject to Linda's privilege of reasonable visitation.

The district court conditionally assigned to Darrell the personal property then in his possession. The conditions were that Darrell pay "all indebtedness, if any," incurred (1) by the parties prior to March 7, 1965; (2) by Linda "for medical, hospital and drug charges and other necessaries for * * * (Linda and Tammy) from March 6, 1965, to September 1, 1965;" and (3) by Linda "for medical, hospital and drug expense for herself from September 1, 1965 to May 12, 1967," the date of the judgment.

A judgment that defendant save plaintiff harmless from all liability for necessaries furnished to plaintiff is erroneously indefinite. See, Christoffersen v. Christoffersen, 151 Neb. 763, 39 N. W. 2d 535; Yost v. Yost, 143 Neb. 80, 8 N. W. 2d 686. The posture of the present case and the nature of the error necessitate reversal of this part of the judgment and general remand of the cause as to this part.

The judgment is modified as follows: (1) Custody of Tammy is awarded to Darrell. (2) Linda is granted privilege of reasonable visitation. (3) The provision for periodic payment of child support is vacated except for payments due prior to the date of our mandate. That part of the judgment conditionally assigning personal property to Darrell is reversed and the cause as to that part remanded. The remainder of the judgment as modified is affirmed. Costs on appeal are taxed to Darrell.

MODIFIED IN PART, AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.