GORDON R. PHILLIPS, APPELLEE, v. SUE M. PHILLIPS, APPELLANT.

195 N. W. 2d 160

Filed March 3, 1972. No. 38128.

Robert C. Vondrasek, for appellant.

Abrahams, Kaslow & Cassman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This action presents a question of child custody. On April 17, 1961, plaintiff Gordon R. Phillips obtained a decree of divorce from defendant Sue M. Phillips. Custody of two minor daughters was awarded to defendant. By decree entered April 16, 1971, custody of the children was awarded to plaintiff. We affirm the judgment of the district court.

We have examined the record in this case and find it strongly supports the judgment entered. It would serve no good purpose to detail the facts therein revealed. Suffice it to say that defendant has consistently failed to maintain a home for the children which was free of immorality and has not given the children adequate care and attention. On the other hand, plaintiff, a sergeant in the U.S. Air Force, has remarried, has one child by his second marriage, and has at all times appeared to be a fit and proper person to have the custody of his minor daughters.

In determining the question of who should have the care and custody of children upon divorce, the paramount consideration is the best interests and welfare of the children. See Bauer v. Bauer, 184 Neb. 777, 172 N. W. 2d 231.

If the circumstances of the parties change and it is in the best interests of the children, the court may from time to time revise or alter a divorce decree so far as custody, care, and maintenance of children is concerned. See Johnson v. Johnson, 177 Neb. 445, 129 N. W. 2d 262.

In cases involving determinations of child custody, the findings of the trial court, both as to an evaluation of the evidence and as to the matter of custody, will not be disturbed unless there is a clear abuse of discretion. See, State v. Randall, 187 Neb. 64, 187 N. W. 2d 586; Hanson v. Hanson, 187 Neb. 108, 187 N. W. 2d 647.

A change in custody was necessary to promote the best interests of the children and no abuse of discretion appears.

The judgment of the district court is affirmed and the request of defendant for additional attorney's fees is denied.

AFFIRMED.