KATHLEEN OBERG, APPELLANT, V. ROLAND OBERG, APPELLEE.
196 N. W. 2d 371

Filed April 14, 1972. No. 38163.

Kelly & Kelly, for appellant.

Person, Dier & Person, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The district court granted an absolute divorce to defendant, Roland Oberg, on the ground of adultery committed by plaintiff, Kathleen Oberg. It generally awarded custody of the minor children to Roland. Kathleen appeals. She asserts that her misconduct without more

is inconsequential when the welfare of the children is at stake.

The petition for divorce was filed in March 1970, and trial was held in March 1971. The decree awarded custody of both children to Roland and reasonable visitation to Kathleen. Each parent alternately was to possess the children on holidays and birthdays. The court also awarded Kathleen possession from June 1 each year to 1 week prior to the commencement of the next school term.

Roland emigrated to the United States from Sweden. He and Kathleen were married in June 1962. Two children were born of the marriage; Ann Britt, April 23, 1963; and Nels Eric Roland, April 15, 1969.

Roland was a tenant near Holdrege on a farm of 400 acres, of which more than 300 acres was irrigated. The share basis was 40 percent - 60 percent. He had earned additional small amounts at custom work and carpentry. He was industrious, temperate respecting liquor, religious, and self-controlled. He participated actively in the rearing of the children. Ann attended a relatively new, modern school with 4 or 5 teachers in an R-6 district.

Kathleen, holder of an A.B. degree, taught school approximately 5 years. While the family was together she was a good mother apart from the effect of her misconduct. She engaged in extramarital sexual relations both before and after the separation of the parties and the filing of the petition for divorce. She possessed a reputation in the community for clandestine association with other men.

During the interval between the filing of the petition and the trial Kathleen moved to the home of her parents in Des Moines, Iowa. She had temporary custody of both children. There she resumed teaching school. In 1971 her father, Dr. William H. Coppock, was retired head of the Chemistry Department at Drake University,

and he retained the classification of Professor of Chemistry.

Roland is financially able to provide a home for both children on the farm that has been their home. His industry and high moral and religious standards, as well as his love for the children, are beyond serious question. Under the decree Ann would resume attendance at her R-6 school.

While the family was together, Kathleen was a good mother apart from the effect of her infidelity. After the separation, the children did not become pawns in a struggle for power between the parents. The district court reasonably may have made the foregoing findings.

The discretion of the district court respecting custody and support of minor children is subject to review. The determination of the trial court, however, ordinarily will not be disturbed unless there has been a clear abuse of discretion or it is clearly against the weight of the evidence. See Hanson v. Hanson, 187 Neb. 108, 187 N. W. 2d 647 (1971).

There is no axiology of variables in comparing the positions of the Coppock family and Roland. The financial circumstances of the Coppocks probably are better. They also may offer superior educational opportunities. On the other hand the misconduct of Kathleen has not been limited to one or two occasions. Its continuance constitutes a potential source of harm to the moral welfare of the children; free love is not a way of life everywhere. Under the decree Ann would return to her home, school, and friends.

The judgment of the district court was not prejudicially erroneous. It is affirmed.

AFFIRMED.