PATRICIA LANZ, APPELLANT, V. LARRY LANZ, APPELLEE.

203 N. W. 2d 761

Filed January 26, 1973. No. 38607.

Michael V. Smith, for appellant.

Wright & Simmons, John F. Wright, and John F. Simmons, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a proceeding to determine custody of the three minor children of the parties. The district court awarded custody to the defendant, entered judgment for plaintiff for $1,000 due on child support payments previously decreed, and taxed costs to the plaintiff. We affirm the judgment of the district court except with reference to costs.

Plaintiff obtained a decree of divorce on November 10, 1969, and was awarded custody of the children. Evidence adduced in support of defendant's petition for a change of custody strongly supports the award of custody to defendant. Since the divorce plaintiff has failed to maintain a proper home for the children and has, on

the whole, been guilty of disregarding or neglecting the interests of the children. It is conceded that since her divorce plaintiff has borne one illegitimate child; and has entered into a series of sexual relationships with a number of different men, traveled with some on occasion, and lived with at least two. Most of these relationships appear to have occurred in the various homes plaintiff established for herself and the children. Defendant has remarried, has steady employment, has established a home, and his wife joined with him in his plea for custody.

The record fully supports the decision of the district court which appears to be in the best interests of the children. The following fundamental rules appear to be applicable.

"In determining the question of who should have the care and custody of children upon divorce, the paramount consideration is the best interests and welfare of the children. * * *

"If the circumstances of the parties change and it is in the best interests of the children, the court may from time to time revise or alter a divorce decree so far as custody, care, and maintenance of children is concerned. * * *

"In cases involving determinations of child custody, the findings of the trial court, both as to an evaluation of the evidence and as to the matter of custody, will not be disturbed unless there is a clear abuse of discretion." Phillips v. Phillips, 188 Neb. 89, 195 N. W. 2d 160.

The judgment of the district court is affirmed with the exception that costs in the district court and in this court are taxed to the defendant and plaintiff is allowed the sum of $500 for the services of her attorney in the district and Supreme Courts.

AFFIRMED AS MODIFIED.