CONNIE KAY BROADSTONE, APPELLEE, V. GEHLING WILLIAM BROADSTONE, APPELLANT.

207 N. W. 2d 682

Filed June 1, 1973. No. 38734.

Peter D. Beekman, for appellant.

Wiltse & Halbert, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The principal issue involved in this case is the determination of the custody of two minor adopted children, aged 6 and 7 years. The District Court, under the "no fault" marriage dissolution statute, sections 42-347 to 42-379, R. S. Supp., 1972, found the marriage irretriev-

ably broken, entered a decree accordingly, placed the legal custody of the two children in the county welfare director, and the physical custody of the two children to the petitioner Connie Kay Broadstone, subject to the supervision of the county welfare director, entered child support judgment against the respondent in the sum of $85 per month per child, divided the property of the two parties, and awarded costs and attorney's fees. We affirm the judgment and order of the District Court.

No issue is presented as to the dissolution of the marriage and we go to the issue of the custody of the children. The parties were married on February 24, 1962, aged 18 and 23 years, and adopted the two children. The respondent works for the railroad. The record reveals that until October of 1969 the couple had a normal happy marriage. Broadstone received a severe head injury in October of 1969 which resulted in a continuing medical problem and treatment. Mutual difficulties and problems have arisen since that time.

The evidence shows that the respondent is employed as a brakeman and conductor for the Missouri Pacific Railroad. His working hours are irregular and at odd times of the day. His work also takes him out of town quite a bit, and although he testified he was willing to make arrangements for the care of the children during his absence, it is clear a major factor in the trial court's determination was that this type of life would not be conducive to a stable home life for the children. There is also evidence as to the effect of Broadstone's injury and medication upon his conduct. At times his talk was slurred and he acts like he was drugged. At times he has had trouble keeping his car on the road. On the other hand, there is conduct on the part of the petitioner, such as attempting to commit suicide, and irregular habits of life, which give rise to an inference that the care of these children should be carefully supervised. The record contains considerable evidence of emotional problems of both the parties. Both have un-

dergone psychiatric treatment quite recently and the respondent is still under a doctor's care and taking quite extensive medication. It is clear that these difficulties arose subsequent to the disruption and problems involved in Broadstone's serious head injury in October of 1969. In evidence is a letter from Broadstone's own doctor which states that, in his opinion, although both parties have received psychiatric care for emotional problems, both were physically and emotionally capable of continuing to care for the children. The trial court's findings in this respect are amply supported by the evidence.

In determining the question of who should have the care and custody of children upon the dissolution of a marriage, the paramount consideration is the best interests and welfare of the children. Lanz v. Lanz, 189 Neb. 578, 203 N. W. 2d 761; Phillips v. Phillips, 188 Neb. 89, 195 N. W. 2d 160. The statutes also wisely provide for a continuing power of the trial court to control the custody, and change it if necessary, in the best interests of children. Sections 42-351 and 42-364, R. S. Supp., 1972, specifically provide that in a proper case the court may place the minor children in the court's custody if their supervision and continuing welfare shall so require. We observe that we are dealing with two children of tender years here, aged 6 and 7 years. While there is no presumption that either parent is entitled to custody of their children, the natural relationship of mother and child, and the needs of children of tender years, usually indicates or compels that the physical care of such children be awarded to their mother unless she is unfit. Bolles v. Bolles, 182 Neb. 798, 157 N. W. 2d 410; Smallcomb v. Smallcomb, 165 Neb. 191, 84 N. W. 2d 217.

Viewing the record as a whole, the trial court, recognizing the factors that existed, which indicated that full and unlimited custody to either party would be unwise, wisely determined that the mother of the children, espe-

cially with the respondent's medical problem and the nature of his work, would be better able to provide the children with a suitable home environment. To properly implement the power of the court and to insure this result by a continuing review and supervision, it fixed the legal custody of the children in the director of welfare of Richardson County. In cases involving determinations of child custody, the findings of the trial court, both as to an evaluation of the evidence and as to the matter of custody, will not be disturbed unless there is a clear abuse of discretion. Lanz v. Lanz, *supra;* Phillips v. Phillips, *supra.* The evidence in this case not only amply supports the decision of the trial court but it affirmatively appears that the decision of the trial court was directed towards and insures that the decision as to custody can be supervised and will produce the final result in the best interests of the children.

The respondent contends that the trial court was in error in refusing to appoint a guardian ad litem for the two children. The statute, section 42-358, R. S. Supp., 1972, provides that the court may appoint an attorney to protect the interests of any minor children of the parties. The appointment is discretionary. The record reveals a complete exploration by the parties and the trial court of all the facts that relate to the proper care of the two children. The transcript reflects that there was pretrial discovery, and the bill of exceptions reflects several days of testimony of a marked adversarial nature. It reveals a full exploration of the psychiatric and emotional problems of the two parents, and a full exploration of the day-to-day living conditions of the children. The contention of the respondent is barren of any suggestion or argument that the appointment of a guardian ad litem would have rendered any service to the court beyond that which is clearly demonstrated in the record. It is fundamental in our interpretations of the divorce and custody statutes, that the Dis-

trict Court has broad powers of investigation and exploration when small children are involved, and we have held many times that the children become wards of the court in a divorce proceeding. It is particularly appropriate in the present case, in light of the nature of the physical and emotional problems involved, that the trial court saw and observed the witnesses, and had the opportunity to make that necessarily subjective judgment and personal evaluation which inheres in a child custody determination.

The respondent's last contention is that the child support award and division of property was inequitable. The court awarded $85 per month per child for child support, and the petitioner was awarded the residence property, household goods, an automobile, and various other items of personal property. The petitioner is unemployed and untrained in any specific skill. She was married when she was 18 and has been a housewife since. The fixing of child support and alimony rests in the sound discretion of the court, and, in the absence of an abuse of discretion, will not be disturbed. Person v. Person, 189 Neb. 329, 202 N. W. 2d 629. It is clear that the trial court's fixing of the property rights was equitable and fell far short of an abuse of discretion. This is true particularly in light of the respondent's own testimony that if he had custody of the children he would hire a housekeeper. It also appears that if the respondent's demands and contentions with reference to the detailed care and custody of the children were fulfilled that the award of the trial court is the minimum to meet an adequate standard of food, clothing, schooling, and physical care in their best interests. We can find no abuse of discretion in this respect.

The judgment of the District Court is correct and is affirmed, and the petitioner is awarded the sum of $300 for the services of her attorneys in this court plus costs.

AFFIRMED.

SMITH, J., dissents.