SANDRA K. SCHULLER, APPELLANT, v. FRANCIS C. SCHULLER, APPELLEE.

214 N. W. 2d 617

Filed February 7, 1974.   No. 39045.

William J. Tighe of Hotz, Byam & Kellogg, for appellant.

Michael J. Mooney of McCormack, Cooney & Mooney, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and NEWTON, JJ., and STUART, District Judge.

WHITE, C. J.

In this divorce case the District Court granted a divorce to the petitioner, Sandra K. Schuller, and gave custody of the three minor children to the respondent father, Francis C. Schuller. The petitioner appeals. We affirm the judgment of the District Court.

In determining the issue of child custody, the paramount consideration is the best interests and welfare of the children. § 42-364, R. S. Supp., 1972; Broadstone v. Broadstone, 190 Neb. 299, 207 N. W. 2d 682; Lanz v. Lanz, 189 Neb. 578, 203 N. W. 2d 761. Secondly, in a divorce action the case is to be tried de novo in this court on the issues presented on appeal. Lienemann v. Lienemann, 189 Neb. 626, 204 N. W. 2d 170; Upah v. Upah, 175 Neb. 606, 122 N. W. 2d 507. We are required to make independent conclusions of fact without reference to the conclusion or judgment reached in the District Court. Our review on appeal is not restricted by the fact that there may be some evidence in support thereof. § 25-1925, R. R. S. 1943. In a "trial de novo" in this court, it is settled law that this court, in reaching its own findings, will give weight to the fact that the trial court observed the witnesses and their manner of testifying, and accepted one version of the facts rather than the opposite. Magill v. Magill, 114 Neb. 636, 209 N. W. 241; Jones v. Dooley, 107 Neb. 162, 185 N. W. 307;

Dvorak v. Kucera, 130 Neb. 341, 264 N. W. 737; O'Brien v. Fricke, 148 Neb. 369, 27 N. W. 2d 403. In cases involving determinations of child custody, such as the present case, the findings of the trial court, both as to evaluation of evidence and as to the matter of custody, will not be disturbed on appeal unless there is a clear abuse of discretion shown. Phillips v. Phillips, 188 Neb. 89, 195 N. W. 2d 160; Martin v. Martin, 188 Neb. 393, 197 N. W. 2d 388; Oberg v. Oberg, 188 Neb. 316, 196 N. W. 2d 371.

We summarize the assignments of error. The petitioner asserts as error the reception by the trial court of two items of evidence. The first is a report made by the public welfare division of Sarpy County, Nebraska. This report was requested by the trial judge pursuant to statutory authorization. The petitioner made no objection after being advised by the trial court that it intended to make such an investigation. Citing Dier v. Dier, 141 Neb. 685, 4 N. W. 2d 731, the petitioner now contends that such report contained hearsay, conclusions, and opinions, and that because of the introduction of the report in evidence it deprived the petitioner of her right of cross-examination and due process. We do not reach this question under the record presented in this case. The statute clearly authorizes the trial court, since the children are wards of the court, to make an independent investigation of the living conditions and the environment and care of minor children. It contemplates that in a proper case such a report may be taken into consideration and given weight by the trial judge. It follows that the trial court, in such a case, should submit its report to counsel for examination and further hearing where it forms a basis for the conclusions and judgment entered as to the disposition of the children. In this case the District Court found that he did not rely upon the objectionable parts of the report, and it is the settled law of this state that

there is a presumption that the court, trying a case without a jury, in arriving at a decision, will consider such evidence only as is competent and relevant, and the Supreme Court will not reverse a case so tried because other evidence was admitted, when there is material, competent, and relevant evidence admitted sufficient to sustain a judgment of the trial court. Koehn v. Koehn, 164 Neb. 169, 81 N. W. 2d 900. Generally, the admission of incompetent or irrelevant evidence is not reversible error where the cause is tried to the court without a jury. Gray v. Hartman, 181 Neb. 590, 150 N. W. 2d 120; Abel v. Southwest Cas. Ins. Co., 182 Neb. 605, 156 N. W. 2d 166; Richardson v. Doty, 25 Neb. 420, 41 N. W. 282; In re Estate of Enyart, 100 Neb. 337, 160 N. W. 120; Eden v. Klaas, 165 Neb. 323, 85 N. W. 2d 643. We have recently held that upon a trial de novo in this court, incompetent, irrelevant, and immaterial evidence offered in the original trial, which was admitted over proper objection by the adverse party, will be disregarded by this court. Franks v. Franks, 181 Neb. 710, 150 N. W. 2d 252.

From an independent evaluation of the record, taking into consideration that the trial court saw and observed the parties and the witnesses, we conclude that the trial court is correct in awarding custody of the three minor children to their father. The record shows that the parties were married July 18, 1959. There are three children, Kevin, age 12; Steven, age 11; and Melissa, age 8. The petitioner has been working at the Western Electric plant near Omaha for over 6 years. At the time of the trial she was working the midnight to 8 a.m. shift, which made it necessary for her to leave home about 11 p.m. and not arrive back home until about 8:20 a.m. The parties became separated on August 22, 1972. The evidence shows that for 3 weeks following that date, the petitioner was unable to find a babysitter for her children; and the children were thus

left alone at night when the mother worked. At the end of this 3-week period, the children stayed with the father when the petitioner worked. This situation changed about 2 weeks before the trial. The petitioner then made arrangements for an 18-year-old neighbor boy to stay with the children at night and be a "general handyman." The petitioner was paying this young man $30 per week and according to her testimony, he was staying with the children while she worked, and washed the dishes, cooked, picked up, and performed other tasks. It was necessary for the children to prepare their own breakfast. She conceded that while the husband was at home with the children he had prepared most of the meals. Her husband also works. She herself conceded that she did not consider herself the "best housekeeper in the world." An Omaha police officer, James Wescott, testified that on October 10, 1972, at about 10 p.m., the father, Francis Schuller, came to the police station and asked Officer Wescott to go to the Schuller's residence with him. Wescott did so. He testified that when they arrived the children were home alone. He stated that a box of cereal had been emptied on the kitchen floor and had not been picked up, and dishes were piled on the kitchen table and countertops. The childrens' bedrooms had clothing piled on the floor and the bedding appeared not freshly laundered. In the basement, there was also clothing piled on the floor and there was a substance which "looked like animal waste" on the floor.

The second item asserted as error is admission of exhibit 1, the school attendance record. Mrs. Schuller admitted Melissa's extensive absences from school, and in an attempt to explain them, she stated that the primary reason was Melissa's stomach was continually aching, and that it appeared to be a chronic symptom. Nevertheless, the petitioner testified that she had not yet taken Melissa to a doctor.

The record shows that the respondent is employed as a real estate salesman and his income over the past 10 years averaged about $12,000 per year; that at the time the parties separated the husband prepared the majority of the meals; and that generally the father is prepared to furnish and to give the children the clothing, food, and the care, discipline, and attention that children of tender years deserve and should have.

Summarizing, the record clearly shows that the nature of the respondent's work is such that he is available to give his children his personal care, affection, and attention at various times when needed, and according to a schedule that he himself sets. The objective evidence as to what he has actually done in the past since the time of the separation of the parties strongly supports the conclusion that he is not only a fit and proper person for the custody of these children, but also that the best interests of these minor children require that their custody be given to him. We so determine.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.