NADINE R. CHRISTENSEN, APPELLANT, v. ROBERT A. CHRISTENSEN, APPELLEE.

215 N. W. 2d 111

Filed February 21, 1974. No. 39077.

Thomas J. Walsh of Walsh, Walentine & Miles, for appellant.

Robert G. Decker, for appellee.

Heard before WHITE, C. J., BOSLAUGH, and McCOWN, JJ., and TESAR and HAMILTON, District Judges.

WHITE, C. J.

This is an appeal by the petitioner, Nadine R. Christensen, from a decree of divorce in which the custody of the parties' two minor children was granted to the respondent husband, Robert A. Christensen. Petitioner contends that she is entitled to the custody of the two children and that certain evidentiary errors entitle her to a new trial. We affirm the judgment of the District Court.

On de novo review, we have examined the evidence and abstract that portion which we consider pertinent to a final decision. The parties were married in 1964 and petitioner is now 24 years of age. There are two children, Matthew, born in 1966, and an adopted daughter, Melissa, born in 1969. Petitioner is a high school graduate, has done some secretarial and factory work since her marriage, her longest period of employment being about 6 months. At the time of the trial she was doing some babysitting for which she received about $20 per week. She testified that after the divorce was granted she intended to leave Omaha. She had no definite plans, she considered moving to Eagle, Nebraska, which is close to her parents' home. Summarizing her evidence as to her planning for the care of the children, it revealed nothing more than an indefinite plan to move from Omaha, possibly settle in Eagle, near where her mother resided, and use her mother to babysit in the event she secured employment. She had no personal knowledge of the housing market or employment opportunities in the Village of Eagle.

On the other hand the father, Robert Christensen, is employed as a production control supervisor, has been for approximately 3 years, and has a take-home pay of approximately $158 per week. He has continually at-

tempted to make conciliation efforts with the petitioner. He has paid all the child support payments, has made all the house payments on their home, kept the insurance payments on the family current, and in fact has increased the coverage for the benefit of the petitioner and the minor children. He has a definite plan to take care of these two small children in the parties' present home. His mother is living on a farm at Exira, Iowa, has raised six children, and would move to Omaha to care for the children. The father is willing to be supervised by the court and undertake anything that the court saw fit with reference to the detailed care of the minor children. It also appears from the evidence in this case that both the petitioner and the respondent would necessarily have to be away from the children during the period of time of their employment. Undoubtedly the trial court was impressed by the definite plan of taking care of these two children in their family home and the evidence and testimony of respondent's mother as to moving to Omaha to help. The record reveals that the petitioner had been hospitalized in Omaha for psychiatric treatment for a period of about 2 weeks. Her doctor testified on behalf of the petitioner. He appeared to testify and to explain a previous report that had been sent to the court investigator DeLene Maxwell. This witness testified that his report was sent to counsel for the petitioner and should have been in his possession prior to the time of the original hearing on November 1, 1972. The witness testified fully as to his examinations of both the petitioner and the respondent father. He found the respondent father normal but concerned about his marriage. He testified that the petitioner had "more contact than formerly," and had good "composure," but "was unrealistic at times, transferred her blame to her husband."

In determining the question of who should have the care and custody of children upon the dissolution of a

marriage, "the paramount consideration is the best interests and welfare of the children." Broadstone v. Broadstone, 190 Neb. 299, 207 N. W. 2d 682. See, also, Lanz v. Lanz, 189 Neb. 578, 203 N. W. 2d 761; § 42-364, R. S. Supp., 1972. The judgment concerning the custody of children is necessarily quite subjective in nature. Many factors may be considered in light of the particular circumstances of each individual case. The general considerations of the moral fitness of the parents, of respective environments offered by each parent, the emotional relationship between the children and their parents, their age, sex, and health, the effect on the children of continuing or disrupting an existing relationship, the attitude and the stability of character of each parent, and the capacity to furnish the physical care and education and needs of the children are some of many factors for the court to consider. In evaluating the general concept of the best interests and welfare of the children it is settled and fundamental law that this court will give weight to the fact that the trial judge saw and observed the witnesses and the attitude of the parents at the trial. It is clear from the examination of all the undisputed and competent evidence that the trial court's judgment as to the custody of these two small children was correct and should be affirmed.

We briefly note other assignments of error. Petitioner contends that the court was in error in ordering an independent investigation, and that the petitioner was deprived of the right to a copy of the report thereon and an opportunity to adduce evidence in relation to the statements and allegations therein. The investigation on September 5, 1972, ordered by the court, is specifically authorized by section 42-351, R. S. Supp., 1972. It has long been settled law that a trial judge in a divorce action has independent jurisdiction to inquire into matters concerning the status of the marriage, the custody and support of minor children, the

support of either party, and the settlement of property rights of the parties. The record reveals that the trial judge advised both parties, in the presence of counsel, that such an investigation was going to be made by the Douglas County welfare department. The answer to the contention of the petitioner is threefold. First the petitioner asserted error in the reception and consideration of the report in her motion for new trial filed on January 29, 1973. The trial court in hearings on March 9, 1973, on March 15, 1973, and on April 4, 1973, granted to the petitioner a complete opportunity to explore, examine, and call witnesses with reference to the report of the investigation, which the petitioner did. These witnesses included the investigator DeLene Maxwell and also Dr. Merle Sjorgen, the petitioner's psychiatrist, and they were examined in connection with matters in the investigative report, and counsel was given a copy of the investigation. There is no evidence of any curtailment of counsel's exploration of the investigative report or his right to adduce testimony concerning it. Secondly, the trial judge specifically found that he reached his judgments and findings in the case independent of matter in the investigative report. It is settled law that there is a presumption that the court, trying a case without a jury, in arriving at a decision, will consider such evidence only as is competent and relevant and the Supreme Court will not reverse a case so tried because other evidence was admitted, where there is material, competent, and relevant evidence admitted sufficient to sustain the judgment of the trial court. Schuller v. Schuller, *ante* p. 266, 214 N. W. 2d 617; Koehn v. Koehn, 164 Neb. 169, 81 N. W. 2d 900. This holding follows the general rule that the admission of incompetent or irrelevant evidence is not reversible error, where the cause is tried to the court without a jury. Schuller v. Schuller, *supra;* Gray v. Hartman, 181 Neb. 590, 150 N. W. 2d 120; Abel v. Southwest Cas. Ins.

Co., 182 Neb. 605, 156 N. W. 2d 166. Thirdly, it is settled law that upon a trial de novo in this court, incompetent, irrelevant, and immaterial evidence offered in the original trial, which was admitted over proper objection by the adverse party, will be disregarded by this court. Franks v. Franks, 181 Neb. 710, 150 N. W. 2d 252. Summarizing, the trial court awarded the petitioner a full opportunity and hearing to explore and introduce evidence with reference to the investigation report. Assuming arguendo, that inadmissible evidence was received, it will be presumed that the lower court did not base its decision thereon and it will be disregarded by this court in a determination de novo.

Petitioner urges disqualification of the trial judge. The record reveals at least six hearings in this case, an adjournment of the case so the petitioner could secure new counsel, and a representation by present counsel in at least five hearings in which the court actually gave petitioner a complete opportunity to explore all areas of the issues raised. The purport of the petitioner's contention seems to be that after a judge has entered a decree and made findings in a case, he then becomes disqualified to hear a motion for a new trial or to rule on evidence he has permitted to be introduced on the grounds that he has made up his mind in the original decree. Such a contention needs no answer. We also observe that a ruling of a trial judge on a motion to disqualify himself is immaterial where the cause is an action triable de novo in this court. Franks v. Franks, *supra*. We also observe that there was no formal motion before the judge to disqualify himself but merely a suggestion or contention by the petitioner in the discussion or argument before the judge in connection with the motion for new trial. This contention is utterly without merit.

The assignments of error are without merit and the

judgment of the District Court is correct and is affirmed.

AFFIRMED.

BOSLAUGH, J., concurring.

While I agree with the opinion of the court in this case, I believe a word of caution should be added regarding the report of an investigator in a divorce proceeding. Such a report, as distinguished from testimony of the investigator and other witnesses, does not constitute evidence, is not binding upon the parties, and cannot be the basis for any adjudication. Dier v. Dier, 141 Neb. 685, 4 N. W. 2d 731.