NADINE MONINGER, APPELLANT, v. ROBERT MONINGER, APPELLEE.

276 N. W. 2d 100

Filed March 6, 1979. No. 41967.

H. Jeanne Thorough of Kelley & Thorough, for appellant.

Schaper & Schaper and Wood, Wolfe & Hurd, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and HASTINGS, JJ., and KELLY, L. W. JR., District Judge.

KELLY, L. W. JR., District Judge.

This is an appeal by the petitioner, Nadine Moninger, from a decree of divorce wherein the District Court for Garfield County, Nebraska, dissolved the marriage of the parties hereto, divided the assets of the parties hereto, made various provisions for the alternate custody of the two minor children involved herein, and made provisions for support of the minor children while they were in the custody of the petitioner. Petitioner claims that the court erred in certain evidentiary matters and that she is entitled to a new trial. We affirm the judgment of the District Court as herein modified.

In the appeal of this matter no complaint is made of either the decision to dissolve the marriage or the division of the property as awarded to the parties herein. The only complaint made is to the court's order as it relates to custody of the minor children.

This is the only matter to which this court will address itself.

On de novo review, we have examined the evidence and abstract that portion which we consider to be pertinent to a final decision. The parties were married on September 22, 1973. They were residing in Burwell, Nebraska, and at the time of trial petitioner was 22 years old and the respondent was 23 years old. There were two children born the issue of this marriage, a boy age 2½ and a girl age 1 at the time of trial. Certain problems had arisen during the marriage and prior to the institution of the present action the petitioner and respondent had separated on a prior occasion.

During the pendency of this proceeding, which had been instituted in April of 1977 with trial on December 1, 1977, the parties had consulted with a marriage counselor. The petitioner had seven consultations, the respondent, nine consultations, and the two had counseled together on two occasions. An exhibit appears in the record which is a letter written by the counselor stating that in the counselor's opinion the marital relationship was irretrievably broken and further marital counseling would not effect a change. The marriage counselor did not testify at the time of trial, although there is a statement in the record by petitioner's attorney that the marriage counselor had been subpoenaed and a subpoena served the day prior to trial by the sheriff of Loup County, Nebraska. This apparently was the residence of the marriage counselor.

The testimony reflects that the respondent had physically struck the petitioner on a few occasions during the marriage and during the time of separation. The testimony further showed that the respondent had, at the age of 14 or 15, been hospitalized in Omaha, Nebraska, and given psychiatric treatment for approximately 1 week. The occasion that precipitated this treatment was the fact that the

respondent had struck his sister. The respondent had further been hospitalized for a nervous condition on two occasions during the pendency of the divorce proceedings. This was done by his local family physician who did not testify at the time of trial.

During the pendency of the action, the petitioner had consulted with a psychiatrist who did testify at the time of trial. The psychiatrist had observed the petitioner and her two children on one occasion. The witness was unable to give an opinion as to fitness as a custodial parent without examining both the petitioner and the respondent. The petitioner filed a motion with the court to have the court order the respondent to undergo psychiatric evaluation. This motion was denied by the trial court.

The evidence showed that the petitioner, during the pendency of the proceedings, cohabited with an individual other than her husband. The petitioner attempted to call this individual as a witness offering to show that when he was divorced from his wife and petitioner secured a divorce from her husband they were going to marry. The petitioner attempted to show that this person was a good father and he would be a good stepfather to her children. The petitioner also offered testimony of a character witness who was acquainted with her boy friend who would testify that the boy friend had a favorable reputation in his community and that he would be generally fit to raise children. The offered evidence of both the boy friend, and the witness to testify as to the boy friend's fitness, was refused by the trial court for the reason that it would not be relevant to any of the issues in this case.

The criteria the trial court should use in determining the custody of the minor children has been stated so often that it barely needs repeating; however, one of the best statements, which is well recognized by our courts, is found in the case of Christensen v. Christensen, 191 Neb. 355, 215 N. W. 2d 111:

"In determining the question of who should have the care and custody of children upon the dissolution of a marriage, 'the paramount consideration is the best interests and welfare of the children.' Broadstone v. Broadstone, 190 Neb. 299, 207 N. W. 2d 682. See, also, Lanz v. Lanz, 189 Neb. 578, 203 N. W. 2d 761; Section 42-364, R. S. Supp., 1972. The judgment concerning the custody of children is necessarily quite subjective in nature. Many factors may be considered in light of the particular circumstances of each individual case. The general considerations of the moral fitness of the parents, of respective environments offered by each parent, the emotional relationship between the children and their parents, their age, sex, and health, the effect on the children of continuing or disrupting an existing relationship, the attitude and the stability of character of each parent, and the capacity to furnish the physical care and education and needs of the children are some of many factors for the court to consider. In evaluating the general concept of the best interests and welfare of the children it is settled and fundamental law that this court will give weight to the fact that the trial judge saw and observed the witnesses and the attitude of the parents at the trial."

In the instant case the court determined both parties were fit parents and that custody of the minor children should be alternated between the petitioner and respondent for various periods of time. The evidence showed that the petitioner was going to attend a beauty school, which schooling would take approximately 1 year. The court ordered the respondent to have custody of the minor children during this 1-year period of time. At the conclusion of that year the petitioner was to have custody of the two children for 1 year. At the conclusion of that 1-year period of time the respondent was to have custody of the minor children for a 3-month period of time and the petitioner was then to have custody of the chil-

dren for a 3-month period of time. At the expiration of this period and in June of 1980, the court would then review the custody matter and prior to the first child starting to school would determine who would best be fit to have custody of the children on a more or less permanent basis. Although a good portion of the second year's period of time will have expired by the time this opinion is filed, we feel that it is not in the best interests of the children to be alternated between the petitioner and respondent in this manner. One of the primary objectives after the dissolution of a marriage where young children are involved is to create a stable atmosphere for the children to adjust. We are not prepared to say that this type of alternating custody is never suitable. There may be instances where the parties themselves agree that it would be in the best interests of the children. However, where there has been such turmoil and such a strenuous tug of war for custody of the children, we feel that it would not be in their best interests. We feel the trial court should hold a hearing as soon as possible to determine in whose custody the children should be placed.

There is a statement in the record by counsel for the petitioner that a witness, Iva Jo McKinney, was subpoenaed but had declined to appear at the time of trial for two reasons. The witness apparently was trying to claim a privilege under section 27-504 (2), R. R. S. 1943. This the witness would not be able to do without appearing in court and stating the reasons therefor. The problem presented in this case is further complicated by the fact that the witness was not a resident of the county and there is nothing in the record other than the statement made by the attorney that she was served with a subpoena and did not respond thereto. Section 25-1226, R. R. S. 1943, provides for the service of a subpoena. A review of the transcript in this matter reveals there is no subpoena showing a return of a sheriff confirming he

has served her personally as claimed by the attorney in a statement to the court. The rule in this court is that evidence which does not appear in the record cannot be considered by the Supreme Court on appeal. Hanson v. Hanson, 198 Neb. 675, 254 N. W. 2d 699.

The petitioner complains the trial court erred in overruling the petitioner's motion for an order compelling the respondent to submit to a psychiatric examination. The petitioner relies upon the Nebraska statute section 25-1267.40, R. R. S. 1943. The only case cited by the petitioner was a criminal case wherein the court held that to refuse a psychiatric examination was an abuse of the discretion of the trial court. A review of this statute shows that it is permissive upon the court to order a psychiatric examination. In reviewing the evidence in this case, we do not feel that there is any abuse of discretion by the trial court in refusing the motion of the petitioner to require the respondent to submit to a psychiatric examination.

Finally, the petitioner complains that the trial court erred by its exclusion of testimony of certain witnesses for the petitioner, namely, the petitioner's boy friend and his character witness.

Objections to their testimony were sustained by the trial court on the basis that the same would not be relevant to any of the issues presented in the case. The trial court was correct in its ruling.

We therefore affirm the trial court in the dissolution of the marriage and the division of the property of the parties hereto. This case should be remanded for a hearing as soon as possible, but in any event not more than 60 days after the filing of the mandate of this court, to determine the fitness of the parents as to permanent custody. Petitioner is allowed a fee of $250 for the services of her attorney in this court.

AFFIRMED IN PART, AND IN PART REMANDED
FOR FURTHER PROCEEDINGS.