DONNA M. WIBLE, APPELLEE, V.
JERRY C. WIBLE, APPELLANT.

310 N.W.2d 515

Filed September 18, 1981. No. 43780.

Michael N. Schirber of Schirber Law Office, P.C., for appellant.

Robert A. Skochdopole and Daniel P. Chesire of Kennedy, Holland, DeLacy & Svoboda for appellee.

Heard before KRIVOSHA, C.J., MCCOWN, WHITE, and HASTINGS, JJ., and RICHLING, District Judge.

RICHLING, District Judge.

This is an action for dissolution of marriage. The parties were married on December 28, 1970. One child,

Brandt Cameron, was born to this union on June 23, 1972. The parties were divorced in Johnson County, Kansas, on March 29, 1976. They were remarried on June 12, 1976. Later, the husband was assigned military duty as an Air Force physician at Offutt Air Force Base in Sarpy County, Nebraska. The parties took up residence in Sarpy County, Nebraska. Another child, Brandi Elise, was born to this union on August 15, 1977. The parties and the two children lived together until their separation in late 1979.

On November 16, 1979, Donna Marie Wible, the petitioner and appellee herein, filed her petition for dissolution of the marriage in the District Court of Sarpy County, Nebraska. On November 16, 1979, the district judge signed a temporary restraining order and an ex parte order granting temporary custody of the two minor children to the appellee. On November 26, 1979, Jerry Craig Wible, the respondent and appellant herein, filed his motion, with supporting affidavit, moving the court for an order awarding him the temporary care, custody, and control of the minor children. The record reflects that on November 30, 1979, the parties appeared by counsel, but not personally. The judge's docket entry recites: "Counsel stated that matters have been settled, all but custody issue, which is set for hearing January 8, 1980, at 1:30 p.m. Counsel to prepare Order and submit it to the Court." On December 6, 1979, a temporary order was signed and entered which provided that the temporary restraining order and temporary custody order entered on November 16, 1979, shall remain in full force and effect and that hearing as to the temporary custody was set for January 8, 1980. It made provision for temporary support and maintenance to be paid by the appellant to the appellee. The docket entry of January 2, 1980, showed that the trial was reset to February 6, 1980.

The docket entry of February 6, 1980, shows as follows: "This cause came on and the parties appeared

with counsel. Trial was had. The Court finds that the marriage is irretrievably broken and is hereby dissolved. The parties have entered into a Property, Temporary child custody, child support, alimony and division of property agreement. The matter as to the permanent custody is set on or before August 4, 1980. Counsel to submit a proper decree incorporating the agreement reached between the parties."

The bill of exceptions discloses that the matter came on for hearing on February 6, 1980, at 4:40 p.m. The parties appeared personally and with counsel. The only evidence offered or received was the testimony of the appellee. She recited a barebones testimony combining fact and opinion sufficient to permit the court's dissolution of the marriage. The appellee was asked by counsel if the parties had reached an agreement as to the distribution of the assets. She replied, "I believe so." No inquiry was ever made of appellant concerning any proposed settlement. Counsel then proceeded to advise the court as to the terms and conditions of the agreement of the parties. Appellant's counsel stated: "Parties agree that the Court will enter an order with Court approval placing custody of the two children with the Court, possession in the petitioner, subject to a reasonable visitation rights of the respondent, and will take the issue of permanent custody and possession under advisement until August 4, 1980. Petitioner agrees to immediately make arrangements to seek alcohol counselling from a psychiatrist . . . . And the Court will direct a home study . . . ." No evidence was offered as to the fitness or unfitness of either party to have the care and custody of the children. No evidence was offered as to the needs of the parties or the children or of the appellant's ability to pay.

A "Decree of Dissolution of Marriage" was signed and entered on February 22, 1980. The decree dissolved the marriage, approved the property settlement of the parties, and awarded the appellee alimony in the

amount of $200 per month for a period of 36 months, said payments to terminate upon the death of either party or the remarriage of the appellee. The decree further provided: "Temporary custody of BRANDI ELISE WIBLE and BRANDT CAMERON WIBLE is hereby placed with the District Court of Sarpy County, Nebraska, and possession of said minor children is placed with the Petitioner subject to reasonable and liberal visitation rights on behalf of the Respondent at all reasonable times and places. It is further ordered that the Court will take under advisement the issue of permanent custody and possession which matter is hereby set for hearing on August 4, 1980, at 9:00 a.m., at which time both Petitioner and Respondent shall have the privilege to present evidence on the issue of permanent custody and possession of said minor children."

The decree further ordered a home study conducted by the Sarpy County Child Protective Services, with its report being made to the court and available to counsel.

The decree further ordered the appellee to immediately make arrangements for and seek alcoholic abuse counseling from a medically certified psychiatrist, said psychiatrist to submit a report to the court which would be made available for examination by counsel.

Although the decree provided for custody of the children in the court and that hearing would be had on permanent custody on August 4, 1980, the decree made provision for the payment of child support in the amount of $300 per month per child, and stated: "Said payments are to continue until said minor children respectfully [sic] attain their age of majority, marry, die, enter the armed services of the United States, or otherwise are emancipated or subject to further Order of the Court."

On July 24, 1980, the following docket entry was made by the court: "This cause came on and further

hearing set August 26, 1980, at 9:30 A.M. Entry to counsel."

The record discloses that on August 26, 1980, counsel for both parties met with the court in chambers. The court advised counsel for appellant that counsel for appellee wished to make a motion in limine. Whereupon, counsel for the appellee stated: "[T]he petitioner moving the Court in limine to make a pre-hearing ruling limiting the evidence to be heard on the question of fitness of either party for custody of children from the date of February 6, 1980, the date of the decree of dissolution of marriage, to present date. And in support thereof shows to the Court on February 6, 1980, all parties appeared for trial. That at that time there was an agreement made between the parties and accomodation [sic], if you will, concerning custody of children; the whole matter before the Court, that is it involved the child support, property settlement and the alimony. All of those were agreed upon by the parties.

"The Court was fully informed of the issues before the parties, and both parties knew the circumstances of the marriage at the time of the decree. . . ."

The court then inquired of counsel for the appellant if he had any objection to the motion. In response, counsel for the appellant stated: "Yes, the respondent does oppose that motion. Rather than sit here and give the distorted, self-serving rendition of what happened on February 6th, I have asked the court reporter to just mark the Transcript of Proceedings from that date; would certainly speak for itself. . . ." Whereupon, the court sustained appellee's motion in limine.

The matter proceeded to hearing. However, rather than the appellee proceeding with her evidence, the court required the appellant to proceed, thus placing on him the burden of proof. The appellant had subpoenaed and available nine witnesses. The first witness was called. Because of objections and the court's ruling, not only was little evidence elicited but the appellant

was prevented from making an offer of proof because of the sustained motion in limine.

Even though the appellant was limited because of the court's ruling on the motion in limine, the record discloses as follows. Not long after the parties had separated, the appellee met one Captain Richard Marmon in "about the middle of November." On November 16, 1979, the appellee filed her petition for dissolution of the marriage, together with other matters hereinbefore set forth. Hearing was had and a decree of dissolution signed on February 6, 1980. The appellee was granted the right of possession of the family residence so as to provide a home for herself and the two minor children until the house was sold as provided for in the decree. However, the appellee withdrew the minor 7-year-old son from the Bellevue school system, and on March 5 she and the two minor children moved in with Captain Marmon in a house newly purchased by him in Papillion, Nebraska.

The appellee testified, upon questioning, "We had a relationship just as we have now. . . . Just as if we were married." The appellee and the two minor children continued to live with Captain Marmon in his house in Papillion until the appellee and Captain Marmon were married 2 days after the divorce became final, to wit, on August 8, 1980.

At neither hearing was any evidence offered as to the needs of appellee and the minor children, and very minimal evidence of the appellant's ability to pay. The only evidence of the appellant's ability to pay was that at the time the order for child support was entered he had left the military service and had just started a medical practice in a small town; that he had to borrow a large sum of money to get started and had nothing but conjecture as to what his earning capacity would be in the future. The record contains not one iota of evidence as to the appellant's fitness or unfitness to have custody of the minor children. Because of the court's sustaining of the motion in limine,

very limited evidence was offered as to the appellee's fitness or unfitness. Upon trial de novo review by this court, the evidence offered as to the appellee's fitness and the best interests of the minor children is less than minimal.

On September 26, 1980, an order was signed and entered which provided that "custody of the minor children BRANDI ELISE WIBLE, born August 15, 1977 and BRANDT CAMERON WIBLE, born June 23, 1972, is hereby permanently awarded to the Petitioner, Donna Marie Marmon, formerly known as Donna Marie Wible . . . ." The order further required the appellant to pay to the appellee child support in the sum of $250 per month per child for 12 months, beginning September 1, 1980; thereafter the child support was increased to $300 per month per child for 12 months and thereafter to $400 per month per child.

Motion for new trial was overruled and appeal taken to this court.

"An appeal in a dissolution of marriage action is reviewed de novo by this court.

"Where the issue of child custody is involved, both the mother and father have an equal right to the custody of their children. The test for determining custody is the best interests of the child.

"In determining which parent shall be awarded custody of the children, the court shall not give preference to either parent based on the sex of the parent." *Burnham v. Burnham*, 208 Neb. 498, 304 N.W.2d 58 (1981) (syllabi of the court).

"The test for determining custody, which has been reiterated by this court many times, is the best interests of the child." *Theye v. Theye*, 200 Neb. 206, 207, 263 N.W.2d 92, 94 (1978).

There was no evidentiary hearing at the time of the entry of the decree. The only evidence offered was the bare showing in support of the request for dissolution of the marriage. There was no evidence as to the best interests of the children. Custody of the

children was taken in the court upon the recommendation of both parties through their counsel. The custody issue was set for hearing at a later date. Both parties recognized that the appellee had such an alcohol abuse problem that she should be required to seek alcohol abuse counseling from a licensed physician, a psychiatrist, who would submit a report to the court setting forth his diagnosis and the course of counseling prescribed for the appellee, as well as the appellee's response to said counseling. At the hearing as to custody, however, this psychiatrist did not appear. Rather, a psychiatrist hired by the appellee qualified himself to testify and expressed an opinion as to custody.

When one reads the entire record in this case, one must conclude that this court, in attempting to give paramount consideration to the best interests and welfare of the children, is foreclosed from so doing because of the lack of evidence in the record. This lack of evidence in large measure is due to the ruling of the trial court in sustaining the motion in limine and in otherwise excluding proffered evidence.

This court further stated in *Moninger v. Moninger*, 202 Neb. 494, 497-98, 276 N.W.2d 100, 103 (1979): "The criteria the trial court should use in determining the custody of the minor children has been stated so often that it barely needs repeating; however, one of the best statements, which is well recognized by our courts, is found in the case of Christensen v. Christensen, 191 Neb. 355, 215 N.W.2d 111: 'In determining the question of who should have the care and custody of children upon the dissolution of a marriage, "the paramount consideration is the best interests and welfare of the children." Broadstone v. Broadstone, 190 Neb. 299, 207 N.W.2d 682. See, also, Lanz v. Lanz, 189 Neb. 578, 203 N.W.2d 761; Section 42-364, R.S. Supp., 1972. The judgment concerning the custody of children is necessarily quite subjective in nature. Many factors may be considered in light of the par-

ticular circumstances of each individual case. The general considerations of the moral fitness of the parents, of respective environments offered by each parent, the emotional relationship between the children and their parents, their age, sex, and health, the effect on the children of continuing or disrupting an existing relationship, the attitude and the stability of character of each parent, and the capacity to furnish the physical care and education and needs of the children are some of many factors for the court to consider. In evaluating the general concept of the best interests and welfare of the children it is settled and fundamental law that this court will give weight to the fact that the trial judge saw and observed the witnesses and the attitude of the parents at the trial.' "

Even taking into consideration the fact that the trial judge saw and observed the witnesses, a review of the entire record in this case compels one to conclude that the trial court was guilty of a clear abuse of discretion. Also, the order of the trial court was clearly against the weight of what evidence there is in the record.

"Above all other considerations in determining the question of who should have custody of a minor child upon the dissolution of a marriage, the paramount consideration is the best interests and welfare of the child." *Meysenburg v. Meysenburg*, 208 Neb. 456, 457, 303 N.W.2d 783, 784 (1981).

This court has also held on many occasions that the decision on the amount to be awarded as child support rests in the sound discretion of the trial court and will not be disturbed on appeal unless it appears that the court abused its discretion. Again, in this case, there is no evidence as to the needs of the children and only conjecture, rather than facts, as to the appellant's ability to pay at the time of the entry of the order and in the future.

A review de novo of the record compels one to conclude that the court was in error in sustaining the motion in limine. A motion in limine is not a proper

procedure in a dissolution proceeding. However, in view of the ruling of this court, time and space shall not be taken for a full discussion of that matter. The court was in error in limiting the evidence as to the fitness of the parties and the best interests of the minor children.

From a review of the record, we conclude that the court abused its discretion and that a proper determination cannot be made for the best interests of the children. The trial court's abuse of discretion and error deprived the appellant of a fair trial.

The judgment of the trial court should be, and hereby is, reversed and the case is remanded for a full evidentiary hearing on the questions of custody and support of the minor children.

REVERSED AND REMANDED.